## WILLIAM SELLERS, Respondent, *v.* THE CITY OF CORVALLIS, Appellant.

APPEAL—MAY BE TAKEN FROM RECORDER.—The recorder of the city of Corvallis is *ex officio* a justice of the peace, and an appeal will lie from his judgments to the Circuit Court.

REVIEW AND APPEAL NOT CONCURRENT REMEDIES.—The writ of review will not lie where the right of appeal exists. The decision of this Court in *Schirott & Groner* v. *Phillippi & Coleman,* overruled so far as it holds that appeal and review are concurrent remedies. The decision of this Court in *Evans* v. *Christian* (4 Or. 375), affirmed.

APPEAL from Benton County.

On the 27th day of August, 1873, Sellers, the respondent, at the suit of the city of Corvallis, was fined in the sum of twenty-five dollars and costs for the violation of a city ordinance prohibiting the disposal of spirituous or malt liquors, in a tippling-house or bar-room, later in the evening than ten o'clock.

On the 30th day of August, 1873, Sellers sued out a writ of review, in the Circuit Court for Benton County, to set aside and reverse the judgment of the city recorder in imposing said fine. In the Circuit Court, counsel for the city moved to dismiss said writ of review for the reason that "said plaintiff William Sellers had a plain, speedy and adequate remedy by appeal for all the irregularities complained of in said proceeding before the recorder." The Circuit Court overruled said motion, and afterwards rendered a judgment reversing the judgment of the Recorder's Court and adjudging the costs in the proceeding, by writ of

VOL. V.—18

review, against the city of Corvallis, from which judgment and rulings the city appeals to this Court, assigning numerous errors, but relying on none, upon the argument here, except the fourth, which reads: "The respondent's remedy for the matters complained of, was by appeal from the sentence and judgment of the recorder, and not by writ of review."

*R. S. Strahan,* for Appellant.

In support of the fourth assignment of error the following authorities are cited: Civil Code, § 575; Corvallis Charter, § 8; *Gray et al.* v. *Schapp,* 4 Cal. 185; *Clary* v. *Hoagland,* 13 Cal. 173; *People* v. *Shepard,* 28 Cal. 115; *Fogg* v. *Parker,* 11 Iowa, 18; *Evans* v. *Christian,* 4 Or. 375; *The City of Dubuque* v. *Rebman,* 1 Iowa, 444; *Conbay* v. *Iowa City,* 2 Iowa, 90; Jus. Code, ch. 11.

*F. A. Chenoweth,* for Respondent.

1. That no appeal is given by statute from a judgment of the city recorder.

2. Said fine and proceedings before the city recorder were void on their face. (1 Dillon on Munic. Cor., § 368; 8 Va. 591; 3 Or. 487; Jus. Code, ch. 12, § 119.)

3. Appellant waived any supposed error in overruling the motion to dismiss, by proceeding to the trial on the merits.

By the Court, Bonham, C. J.:

It is claimed by counsel for respondent that there is no express authority anywhere given to appeal from the judgments of the recorder of the city of Corvallis, and that § 8 of the charter of said city does not confer the right, and, therefore, the only remedy is by writ of review. If counsel for respondent is correct in this position, then the writ was properly granted in this case.

But we think this position of counsel is untenable. It is declared in § 8 of the charter of the city of Corvallis,

that "the recorder shall have jurisdiction over all violations of city ordinances, and may hold to bail, fine, or commit persons found guilty thereof; and within the city shall have jurisdiction and powers like a justice of the peace, and the law governing justices of the peace shall apply as far as practicable to all his proceedings."

Chapter XI of the General Laws of Oregon, page 477, provides for appeals from justices of the peace in criminal cases, and is a part of the laws referred to in § 8 of said city charter, by which the city recorder is to be governed in his proceedings. The right of appeal is an important and valuable right, and we cannot think that the Legislature ever contemplated withholding it from the judgments of the recorder of the city of Corvallis.

The only other question presented in this case is whether the court below had authority to grant the writ of review at the time when it was ordered. The recorder rendered his judgment against Sellers on the 27th day of August, 1873, and three days thereafter the writ of review was issued. Sellers might have appealed from the judgment rendered against him within thirty days from the date of its rendition. This Court held, in *Evans* v. *Christian* (4 Or. 375), that the writ of review would not lie in a cause so long as the right of appeal existed, and overruled the *dictum* in *Schirott & Groner* v. *Phillippi & Coleman* (3 Or. 484), that appeal and review were concurrent remedies. We think that the decision of this Court in *Evans* v. *Christian* was correct, and that it is decisive of this case.

Judgment reversed.