[Filed June 11, 1885.]

# THE CITY OF CORVALLIS *v.* M. STOCK.

Appeal—Practice.—Unless expressly conferred by statute, there is no right of appeal from the decisions of a recorder's court in adjudications upon city ordinances.

Stare Decisis.—The decision of this court in *Sellers* v. *City of Corvallis*, 5 Oreg. 273, criticised, but followed upon the principle of *stare decisis*.

Benton County.    Plaintiff appeals.    Affirmed.

The defendant was convicted in the recorder's court for the city of Corvallis of the violation of an ordinance of that city, and appealed to the Circuit Court for Benton County. That court reversed the judgment of the recorder's court, and discharged the defendant, whereupon plaintiff appeals to this court.

*J. W. Rayburn*, for Appellant.

*John Burnett*, and *J. R. Bryson*, for Respondent.

Thayer, J.—This appeal involves the question of the right of appeal from the recorder's court. It was held by this court in the case of *Town of Lafayette* v. *Clark*, 9 Oreg. 225, that an appeal would not lie from the recorder of a city, in adjudications upon city ordinances, unless given by statute. The question here is whether the charter of the city of Corvallis gives such right of appeal. Upon an examination of said charter we have discovered that there is, in our opinion, no material difference between its phraseology and that employed in the Lafayette charter upon that subject. And we should be inclined to hold that it did not provide for such appeal were it not for the decision of this court in *Sellers* v. *City of Corvallis*, 5 Oreg. 273. That decision was rendered by judges occupying the same position as we do, and while we do not indorse it, nor regard the reasons upon which it was predicated as satisfactory, yet we do not feel at liberty to depart from it in this particular case. If it were a case of continued injustice, or of a clear violation of obvious principles of law, we ought not to hesitate a moment in pronouncing it not law; but under the circumstances we think

we should be controlled by the doctrine of *stare decisis*. Whichever way we might determine the matter would be of no public importance, and as we find that the identical question has been adjudicated upon and acquiesced in for a number of years, have concluded that we should not attempt to disturb it.

For these reasons we are of the opinion that the judgment appealed from should be affirmed.