[Filed at Pendleton, May 13, 1889.]

## BARTON, RESPONDENT, *v.* LA GRANDE, APPELLANT.

UNDER THE LAWS OF THIS STATE, AN APPEAL FROM A JUDGMENT OF CONVICTION for the violation of a city ordinance, rendered by a tribunal of the city, does not lie unless expressly given by the city charter, or by some statute. Where a right of appeal in such a case is not given, as mentioned, a writ of review will lie to examine the proceedings had on the conviction, in order to ascertain whether or not the tribunal before whom they were had exercised its functions erroneously, or exceeded its jurisdiction to the injury of the plaintiff in the writ. A writ of review in such a case, like a common-law *certiorari*, only brings up the record, which includes the complaint and proceedings had thereon; and no question of fact determined by the tribunal, or any ruling made by it in the admission of evidence upon an issue of fact, can be considered.

A COMPLAINT UNDER A CITY ORDINANCE, which provides that any person or persons who shall be guilty of any violent, riotous, or disorderly conduct, or who shall use profane, abusive, or obscene languge, in any street, house, or place within the city, whereby the peace or quiet of the city is or may be disturbed, shall, upon conviction thereof before the recorder, pay a fine, will not be sufficient to constitute an offense under such ordinance, unless it shows that the act was committed in a street, house, or similar place within the city.

THE GENERAL WORD "PLACE," AS USED IN THE ORDINANCE, must be construed to mean a definite locality within the city, of the same kind or nature as a street or house.

IN ACCORDANCE WITH THESE VIEWS, *held*, that the charter of the city of La Grande in the county of Union, Oregon, does not confer a right of appeal upon a party convicted of a violation of an ordinance of the city, and consequently that a writ of review will lie in such a case. Also, that where the complaint charged that the acts constituting the disorderly conduct prohibited by the ordinance were committed within the city, against its peace and dignity, but did not specify any definite locality therein where they were committed, that the complaint was not sufficient to support a conviction for a violation of such ordinance.

APPEAL from a decision of the Circuit Court for the county of Union, dismissing a writ of review.

*C. H. Finn* and *T. H. Crawford*, for Appellant.

*J. D. Slater*, for Respondent.

XVII. OR.—37

THAYER, C. J.—The appellant herein was tried and convicted in the recorder's court of the city of La Grande, for disorderly and riotous conduct.

He was charged in the complaint filed against him as follows: "The said Thomas Barton did, on the nineteenth day of June, 1888, in the city of La Grande, Union County, Oregon, demean and conduct himself in a disorderly manner by then and there wrongfully and unlawfully striking and beating the said G. C. Schlem with the fist of him the said Thomas Barton, contrary to section 1, of ordinance No. 20, series of 1885, 'entitled an ordinance concerning offenses and disorderly conduct,' and approved August 20, 1885, and against the peace and dignity of the city of La Grande, Union County, Oregon."

To this complaint the appellant filed a demurrer, on the grounds that it did not state facts sufficient to constitute a cause of prosecution; also that the court had no jurisdiction, either of the appellant or of the subject-matter. The demurrer having been overruled, the appellant interposed a plea of "not guilty," and of a former acquittal; and upon which plea he was tried, convicted, and sentenced to pay a fine. He then sued out a writ of review from the said circuit court, which having been duly returned, was by said court, upon motion of the respondent's counsel, dismissed; and from that decision this appeal is taken.

The first question to be considered is, whether a writ of review will lie from a conviction in the recorder's court of the city of La Grande, for the violation of a city ordinance. That question depends of course upon whether or not an appeal is allowed in such case by the charter of the city. The respondent's counsel concedes that, unless the charter expressly gives the right of appeal from such a decision, none exists, and that the appellant's remedy would then be by writ of review; that undoubtedly is the law.

The respondent's counsel, however, claims that certain sections of said charter do expressly give such right; and refers us to sections 43 and 44 thereof.

Section 43 reads as follows: "The recorder is the judicial officer of the corporation, and shall hold a court therein, at such places as the council shall provide, which shall be known as the recorder's court," etc.

Section 44 reads: "He shall have jurisdiction of all crimes and offenses defined and made punishable by any ordinance of the city," etc.

He has the authority and jurisdiction of a justice of the peace for the county of Union, within the limits of the city of La Grande, in both civil and criminal matters; and all proceedings in his court shall be governed and regulated by the general laws of the state, applicable to justices of the peace and justices' courts in like or similar cases. "His court," says the counsel, "referred to in section 44, is the recorder's court, provided for in section 43." Conceding that to be true, it does not follow that the right of appeal is given. Because all proceedings in "his court" are to be governed and regulated by the general laws of the state applicable to justices of the peace and justices' courts in like or similar cases, we are not authorized to assume that a right of appeal exists in favor of the parties to the proceeding. Such rights must be conferred by a positive provision of statute.

The proceedings which are to be governed and regulated by the general laws of the state applicable to justices of the peace, etc., as provided in said section 44, are proceedings in the exercise of the recorder's jurisdiction of crimes and offenses defined and made punishable by ordinances of the city; and the right of appeal in favor of parties affected by the exercise of such jurisdiction has no connection therewith whatever. The effect of the clause in the charter referred to is to confer certain jurisdiction upon

the recorder's court, and to regulate the manner of its exercise; and no inference can be drawn therefrom, as I can discover, that the right of appeal was intended to be given in favor of parties affected by its exercise. When the recorder exercises the authority and jurisdiction of a justice of the peace, under the charter of the city, he is *pro hac vice* a justice of the peace; and the provisions of the justice code, giving a right of appeal from judgments of justices' courts, apply to him the same as to any justice of the peace; but those provisions have no application to his judgments rendered in cases of violation of city ordinances.

The decision in *Town of La Fayette* v. *Clark*, 9 Or. 226, is decisive of the question of the right of appeal in this case. The doctrine declared in that case is sound, and this court did not intend to depart from it in *City of Corvallis* v. *Stock*, 12 Or. 391. In the latter case, an appeal had been taken from a judgment of the recorder of the city of Corvallis to the circuit court for the county of Benton, and been sustained by the latter court upon the authority of *Sellers* v. *Corvallis*, 5 Or. 273, which was directly in point; this court held, in the case last referred to, that the charter of the city of Corvallis gave a right of appeal from judgments rendered by the recorder's court in both classes of cases; and therefore we accepted that construction in *Corvallis* v. *Stock*, although we would not have given it such a construction if the question were *res nova*. We did not, however, attempt to change the rule announced in *Town of La Fayette* v. *Clark*, nor do we see any reason for changing it at this time. According to this view, the decision of the circuit court herein, dismissing the writ of review, upon the ground that an appeal was the proper remedy, was erroneous.

It becomes necessary therefore to examine the proceedings had in the recorder's court upon the conviction of

the appellant, in order to ascertain whether or not that court exercised its functions erroneously, or exceeded its jurisdiction to the injury of appellant. The writ of review, like a common-law *certiorari*, merely brings up the record; we cannot consider any question of fact determined by the record, or any ruling made by him in regard to the admissibility of evidence. We have a right to consider the sufficiency of the complaint upon which the prosecution was based, and the regularity of the conviction.

The only question necessary for us to consider in this case is, whether the complaint was sufficient to constitute a violation of the ordinance referred to therein, as we are of the opionion that it was defective, and consequently the recorder had no jurisdiction to render a judgment of conviction against the appellant. The substance of said ordinance is as follows: "That any person or persons who shall be guilty of any violent, riotous, or disorderly conduct, or who shall use any profane, abusive, or obscene language, in any street, home, or place within the city of La Grande, whereby the peace or quiet of the city is, or may be, disturbed," etc., "shall, upon conviction thereof before the recorder, pay a fine," etc. The complaint against the appellant filed with the recorder, as will be seen from an inspection of it, does not charge in what particular place within the city of La Grande the disorderly conduct occurred. The common council of the city evidently did not intend by the ordinance to subject persons to punishment for disorderly conduct unless the peace or quiet of the city was thereby disturbed; and the act, in order to be punishable, must occur in a street, house, or similar place in the city.

The language of the ordinance, that any person or persons who shall be guilty, etc., in any street, house, or place within the city, whereby the peace or quiet of the city is

or may be disturbed, is qualifying in its terms; it implies that the person must be guilty under the circumstances mentioned; the charge therefore, in order to be sufficient, must show that the act was not only committed, but committed under the circumstances rendering it penal. The counsel for the respondent claims that the terms "street," "house," or "place," imply that the act would be punishable as an offense if committed anywhere in the city, and consequently it need not be alleged in the complaint in what particular place in the city it was committed. But it is a rule of construction that general words following an enumeration of particulars are to have their generality limited by reference to the preceding particular enumeration, and to be construed as including only all other articles of the like nature and quality. (Rapalje's and Lawrence's Law Dictionary, title Ejusdem Genersis.) The word "place," therefore, as used in the ordinance, implies a particular place of similar character to a street or home.

There are two obvious reasons why the complaint in such a case should set out the particular locality within the city where the act was committed; one of which is, that the accused may be definitely informed as to the charge; and the other is to show that it was committed in such a locality or place that it would be liable to disturb the peace and quiet of the city; and unless the complaint does show such fact, it does not state facts sufficient to constitute an offense under the said ordinance.

The order and judgment of the said circuit court appealed from will therefore be reversed, and the case remanded to that court, with directions to reverse the judgment and conviction of the said recorder's court, sought to be reviewed under the said writ of review; and the appellant will be entitled to his costs and disbursements herein.