Knapp v. Jones.

## ALMERON K. KNAPP AND THOMAS DOYLE
### v.
## NOBLE JONES.

*Mortgages—Building on Leased Land—Chattels, Real and Personal.*

A building erected by a lessee upon leased ground, is not personal property within the meaning of Chap. 95, R. S., so that, at the expiration of two years from the date of a mortgage upon the same, the mortgagee must take

possession of the same or lose his lien as against execution creditors; but such a building is a chattel real, and, under the statutes of this State, is, as to the recording of incumbrances upon it, classed as real estate.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. DUNCAN & GILBERT, for appellants.

The elevator was and is personal property. By terms of the lease from the Illinois Central Railroad Company to Blanchard the lessor had the right to terminate the tenancy at any time after giving sixty days' notice, and the lessee was authorized to remove the elevator at any time before the lease was ended. Hence the lessee was practically a mere tenant at sufferance, and by express agreement between the parties, the buildings erected by him remained his own property and did not become a part of the freehold. They were personal property and not realty. In C. & A. R. R. Co. v. Goodwin, 111 Ill. 281, the court says:

" It does not necessarily and invariably follow that structures, or even buildings, placed by one person on the land of another, become a part of the real estate. When they are trade fixtures they are regarded as personal property. So a house erected upon the land of another, under an agreement that it shall belong to the builder, is personal property." Matson v. Griffin, 78 Ill. 477; Curtis v. Hoyt, 19 Conn. 165; Wells v. Bannister, 4 Mass. 514; 2 Am. Lead. Cases, 747. If a man erects a house upon the land of another with his consent, it will, if the builder has no title to the land, be the personal property of the builder. 1 Washburn on Real Prop., p. 2, Sec. 4; Aldrich v. Parsons, 6 N. H. 555; Dame v. Dame, 38 Id. 439; Osgood v. Howard, 6 Greenleaf, 452; Ashmun v. Williams, 8 Pick. 462; Doty v. Gorham, 5 Id. 487; Rogers v. Woodbury, 15 Id. 156; Mott v. Palmer, 1 Conn. 571; Hinckley v. Baxter, 13 Allen, 139.

Jones is estopped from claiming that the elevator is real estate. The law is well settled that when all the parties, the

owners and the mortgagees, have seen fit to treat what might otherwise be fixtures and part of the realty as personal property, by their agreements, and thus sever them from the freehold and license their removal, the law will consider such fixtures, as between the parties, personal property to all intents and purposes. Smith v. Waggoner, 50 Wis. 155; Tift v. Horton, 53 N. Y. 380; Ford v. Cobb, 20 N. Y. 344; Sword v. Low, 122 Ill. 487; Lucy v. Gray, 61 N. H. 151; Manwaring v. Jenison, 61 Mich. 117.

And the parties may, by their own conduct, be estopped from claiming that such property is real estate. Jones on Chattel Mortgages, Secs. 126, 280; Fortman v. Gœpper, 14 Ohio St. 558; Sword v. Low, 122 Ill. 487; Lucy v. Gray, 61 N. H. 151.

As we have already seen, the elevator was erected upon the land of the railroad company with its permission and with the right on the part of Blanchard to remove it, and was, therefore, personal property without regard to any notions that may have been entertained by the lessor or lessee as to what kind of property it was. The very circumstances under which it was erected, fixed its character, and so long as the lease existed and Blanchard had the right to remove the elevator, it remained personal property, and there is, therefore, no real necessity for invoking, in favor of appellants, the doctrine of estoppel. But were an estoppel necessary, the record shows abundant facts to completely establish it.

Messrs. HILL & HAVEN and G. D. A. PARKS, for appellee.

The elevator and leasehold interest is a chattel real. Chattel or personal property is of two kinds or classes, viz.: chattels real and chattels personal. All text-book writers recognize and announce this division. Bouvier defines chattels real as follows: " Chattels real are interests which are annexed to or concern real estate; as a lease for years of land. And the duration of the lease is immaterial, whether it be for one or a thousand years, provided there be a certainty about it, and a reversion or remainder in some other person. A lease to continue until a certain sum of money can be raised out of the

rents is of the same description; and so in fact will be found
to be any other interest in real estate whose duration is limited
to a time certain beyond which it can not subsist, and which
is therefore something less than a freehold." In Blackstone's
Commentaries, 386, they are defined as follows: " Chattels
real, saith Sir Edward Coke, are such as concern or savor of
the realty; as terms for years of land. * * * And these
are called real chattels as being interests issuing out of or
annexed to real estate; of which they have one quality, viz.:
immobility, which denominates them real; but want the other
viz.: a sufficient, legal, indeterminate duration; and this want
is what constitutes them chattels. The utmost period for
which they can last is fixed and determinate, either for such a
space of time certain, or till such a particular sum of money
be raised out of such a particular income; so that they are
not equal in the eye of the law to the lowest estate of free-
hold—a lease for another's life." Announcing the same
general definition are 1 Wash. on Real Property, Chap. 1,
Sec. 17; II Kent's Commentaries, page 342.

Thus it will be seen that any interest in lands less than a
freehold is termed a chattel real. It makes no difference how
long their duration may be, whether one year or a hundred
years, or less than one year, so long as it is less than a free-
hold. As said by Blackstone, they have one quality of real
estate—immobility, but lack the other—indeterminate dura-
tion; and it is the lack of that quality which constitutes them
chattels.

Chattels personal are, properly and strictly speaking, things
movable; which may be annexed to or attendant on the per-
son of the owner and carried about with him from one part
of the world to another. 2 Blackstone's Commentaries, 387;
see Conklin et al. v. Foster, 57 Ill. 104; C. & A. R. R. Co.
v. Goodwin, 111 Ill. 281; Dobschuetz v. Halliday, 82 Ill. 371.

The instrument is valid as a real estate mortgage. Sec. 38
of the Conveyance Act, Chap. 30, R. S. 1874, is as follows:
"The term 'real estate' as used in this act shall be construed
as co-extensive in meaning with lands, tenements and heredita-
ments, and as embracing chattels real." Sec. 28 of the same

chapter is as follows: "Deeds, mortgages, powers of attorney and other instruments relating to or affecting the title of real estate in this State, shall be recorded in the county in which said real estate is situated."

Sec. 31 of the same chapter and act, provides: "Deeds, mortgages and other instruments in writing relating to real estate, shall be deemed, from the time of being filed for record, notice to subsequent purchasers and creditors, though not acknowledged or proven according to law."

Under the above sections of the conveyance act, the elevator and leasehold interest constituting a chattel real, the deed of trust covering this property was valid as a real estate mortgage, and the "chattel mortgage act" did not apply.

The statutory provisions concerning chattel mortgages apply to chattels personal. They have reference to movables, to goods and chattels which can be removed from place to place, the possession of which can be changed. They have no reference to chattels real. Chattels real and assignments thereof by way of mortgage are not within the acts relating to the recording and filing of chattel mortgages. Such acts relate only to chattels personal. Jones on Chattel Mortgages, Sec. 280; 1 Jones on Real Estate Mortgages, Secs. 146–471; Decker v. Clarke, 26 N. J. Eq. 163.

UPTON, J. This was a bill in equity filed in the Circuit Court of La Salle County to foreclose a trust deed executed by Geo. L. Blanchard and his wife to Almeron K. Knapp, as trustee, dated July 30, 1885, and duly recorded in La Salle county. It was given to secure an indebtedness to Noble Jones, for the sum of $32,000. The property in the trust deed described was a large amount of real estate in La Salle county, together "with the grain elevator and the leased ground upon which it was erected, owned by the grantor, and situate upon the right of way of the Illinois Central Railway, at Lostant, in said county."

The grain elevator in the trust deed described was erected upon a portion of the right of way of the said railway company, pursuant to a lease by such company to said Blanchard,

bearing date June 18, 1884; the demise was for a period of one year, and required the lessee, Blanchard, to erect thereon a grain elevator or warehouse, and to operate and conduct the same in the manner provided in said demise. Blanchard erected the grain elevator upon stone foundations set in the ground below the frost line, placed therein all requisite machinery and facilities for handling grain, which were intended to be permanent, as much so as stone and iron could be. On the expiration of the first term of one year the lease was twice thereafter extended in writing, the last extension terminating July 1, 1888. By the terms of the lease, the railway company had the right to terminate it at any time, upon giving sixty days' notice, and the lessee, Blanchard, had the right at any time before the termination of the lease, to remove all buildings by him erected on the leasehold premises.

The lessee, Blanchard, continued to use, occupy and operate the elevator by the acquiescence if not the actual consent of the railway company, lessor, until August 23, 1887, when possession thereof was taken by the creditors of Blanchard upon writs of attachment, which subsequently were merged into judgment, and the leasehold interest of Blanchard was thereunder sold to Andrew J. O'Connor, who subsequently sold and conveyed the same to appellant Knapp. Thereupon this bill was filed for the purpose stated, alleging the insolvency of Blanchard, and that the property in trust deed described was inadequate security, etc., and asking for a receiver, etc.

After amendments to the original bill and making new parties thereto, the cause was heard in the court below, and a decree passed for appellee Noble Jones, therein finding that appellant Knapp's title to the elevator derived under execution sales was subject to the lien of the trust deed, and directing a sale of the mortgage estate by the master, etc. The decree directed that one-half of the costs be paid by Doyle (the constable), and the balance by Knapp. From that decree this appeal is prosecuted.

The principal question presented upon this record as stated by appellant's counsel, is whether the elevator in question, built by Blanchard upon the right of way of the railroad com-

pany under a lease for one year (and subsequently renewed in
writing for two years), with a provision therein that the lessor
may terminate such lease at any time upon sixty days' notice,
and that the lessee may remove the buildings by him erected
thereon, at any time before the lease expires, is personal prop-
erty within the meaning of Chap. 95, R. S., title, Chattel Mort-
gages, so that at the expiration of two years from the date of
the mortgage upon it, if possession is not taken by the mort-
gagee, it becomes subject to sale upon execution, free from
the mortgage lien.    The answer to this question must depend
upon the legal classification to which property of the kind
here in question is in law assigned, whether chattels real or
chattels personal.    That the leasehold in question and the
right of the lessee therein, with buildings erected thereon
under the lease, is a chattel, none will deny.    If this elevator
and leasehold of Blanchard is to be classified and regarded as a
chattel real, as held by the court below, then there was no
error in the trial court holding the lien of the trust deed par-
amount to the right of the purchaser thereof at execution
sale upon subsequent judgments against the lessee, Blanchard.
We think that question settled, at least in this State, and that
the property in question is a " chattel real," and under our
statute is classed as real estate.    Bouvier Law Dict., title,
Chattels Real; Blackstone's Com., Vol. 2, 387; Kent's Com.,
Vol. 2, 342; Washburn on Real Property, Vol. 1, Chap. 1,
Sec. 17; Griffin v. Marine Co., 52 Ill. 130; Conklin v. Fos-
ter, 57 Ill. 105; Dobschuetz v. Halliday, 82 Ill. 373; Wil-
loughby v. Lawrence, 116 Ill. 11; Kankakee Coal Co. v.
Crane Bros. Mfg. Co., 28 Ill. App. 371.    Chap. 30, R. S. 1874,
Sec. 38, provides "that the term ' real estate ' as used in that
act, shall be construed as co-extensive in meaning with lands,
tenements and hereditaments and as embracing ' chattels real,'
and Sec. 31 of the same chapter provides that deeds, mortgages
and other instruments in writing relating to real estate, shall
be deemed, from the time of being filed for record, notice to
subsequent creditors and purchasers, although not acknowl-
edged or proven according to law."

It is apparent, therefore, that by the express terms of the

statute the elevator and leasehold interest of Blanchard was a "chattel real," and the deed of trust was valid as a real estate mortgage and the Circuit Court properly so held.

The case of C. & A. R. R. Co. v. Goodwin, 111 Ill. 81, and Sword v. Low, 122 Ill. 487, cited by appellant's counsel, we do not regard in point.

The holding in this court being in appellee's favor, the appointment of a receiver in the court below in no way concerns the appellant, and the costs were in the discretion of the chancellor in the trial court.

Perceiving no error in the proceedings in the trial court or in the decree as rendered therein, the decree is affirmed.

*Decree affirmed.*