## THOMAS McGOWAN

v.

## JAMES C. DUFF.

*Appeals—Judgment of County Court—Sec. 11, Chap. 77, Starr & C. Ill. Stats.—Practice.*

1. Where a particular jurisdiction is conferred on an inferior court, its decision will be final, unless provision is made by statute for an appeal, and then the terms of the statute in perfecting the appeal must be strictly complied with.

2. Upon an appeal from a judgment rendered in the County Court upon a trial of right of property in favor of one who claimed certain property levied upon by the sheriff by virtue of an execution in favor of plaintiff, this court holds that the same must be dismissed owing to the failure to observe the provisions of Sec. 11, Chap. 77, Starr & C. Ill. Stats.

[Opinion filed June 25, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. WILLIAM H. SISSON, C. F. GOODING and F. J. PARTRIDGE, for appellant.

Mr. CHESTER B. BRADLEY, for appellee.

MORAN, P. J.   This is an appeal from a judgment rendered upon a trial of right of property in favor of one who claimed certain property levied upon by the sheriff by virtue of an execution in favor of appellant.

The right of appeal in such a case is given by Sec. 11, Chap. 77, Starr & C. Ill. Stat., of the act providing for the trial of right of property. Said section is as follows: "An appeal may be taken to the Circuit Court as in other cases, provided the same is prayed on the day of the entering of the judgment, and the bond shall be given within five days from the time of entering judgment, and the trial in the Circuit Court shall be *de novo.*" The judgment in this case was entered on January 16, 1891, and no appeal was prayed on that day.

A motion to set aside the judgment was made and was over-ruled on January 31, 1891, from which order an appeal was prayed and allowed on that day on a bond to be filed within twenty days. The bond was filed and approved on the 9th day of February, 1891, twenty-three days after the entering of the judgment and ten days after the motion to set it aside had been overruled.

Where a particular jurisdiction is conferred on an inferior court, its decision will be final unless provision is made by statute for an appeal, and then the terms of the statute in per-fecting the appeal must be strictly complied with. Ward v. The People, 13 Ill. 635; In the matter of Storey, 120 Ill. 252.

" The right to an appeal is strictly statutory, and a party to avail himself of the privilege, must conform to the order of the court which the statute authorizes it to prescribe." Hel-erman v. Beale, 114 Ill. 355.

True, amended Sec. 8 of the Appellate Court Act, in force July 1, 1887, gives this court jurisdiction of all matters of appeals from final judgments of the County Court, and prob-ably said amended section repealed all provisions requiring such appeals to be taken to the Circuit Court to be tried *de novo*, and therefore it was proper to allow the appeal to this court; but there is no repeal of that portion of the law which prescribes the condition of allowing it, to wit, that it shall be prayed the day the judgment is entered and the bond shall be given within five days. The County Court had no authority to grant an appeal on any other than the terms and conditions prescribed by the statute, and the allowing of such appeal on other terms was entirely nugatory, and compliance with such void order is of no avail to give this court jurisdiction. Kenny v. Jones, 37 Ill. App. 615.

The appeal must be dismissed at appellant's cost. Bangs v. Brown, 110 Ill. 96.

*Appeal dismissed.*