### James S. Quaintance v. Joseph Badham.

68  87
68  101

68  87
81  66|

68  87
85  62.

68  87
89  136

1. CHATTEL MORTGAGES—*Notes Secured by, Must so State.*—A chattel mortgage securing a note which fails to state upon its face that it is so secured, as required by the act of 1895 (Hurd's Statutes, 1895, page 1058), is absolutely void.

Replevin.—Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

Robert L. Watson and James M. Brock, attorneys for appellant.

Bassett & Bassett, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the Court.

On the 11th of July, 1895, appellee, and appellant as security, executed and delivered to R. W. Stewart five promissory notes for $100 each, payable respectively on September 1, 1895, November 1, 1895, January 1, 1896, July 1, 1896, and September 1, 1896.   On the 7th of August, 1895, for the purpose of securing payment of the notes and securing appellant as surety for him on the notes, appellee executed to R. W. Stewart and appellant a chattel mortgage on a well-drilling outfit.   Appellee not paying the first note on the 1st of September, 1895, appellant, on the 3d of September, 1895, took possession of the outfit under the mortgage, and on September 6th, appellee replevied the property.   On a trial in the Circuit Court, a jury being waived, the court held the mortgage void and rendered a judgment for appellee.   Neither of the notes stated on its face that it was secured by chattel mortgage.   Section 1 of the act of 1895, relating to notes secured by chattel mortgages, reads as follows:

" That all notes secured by chattel mortgages shall state upon their face that they are so secured, and when assigned by the payee therein named, shall be subject to all defenses existing between the payee and the payor of said notes the same as if said notes were held by the payee therein named, and any chattel mortgage securing notes which do not state upon their face the fact of such security, shall be absolutely void."   Hurd's Statutes, 1895, page 1058.

Appellant seeks to avoid the effect of the statutory provision under the contentions, first, that the mortgage was not given to secure Quaintance as appellee's surety, and hence valid; second, that even if the instrument be held not good as a chattel mortgage, then it is binding between the parties as a contract.

Quaintance v. Badham.

A fair construction of the instrument shows that it was given as a security for the payment of the notes and for indemnity to appellant for becoming appellee's personal security. As the law stood prior to the adoption of the statutory provision above quoted, Stewart would have the right to take possession of the property, and sell it in accordance with the power of sale expressly contained in the mortgage; but, as the law now stands, he could not do so, for the reason that his notes do not, on their face, state that they are secured by such mortgage. For the same reason, his co-mortgagee, Quaintance, could not legally take possession of the property, and sell it to raise proceeds out of which to pay the debt. As a chattel mortgage, we hold that the instrument is absolutely void.

To the contention that, even if the instrument be held not good as a chattel mortgage it is binding on the parties as a contract, it may be answered that, as a contract, appellant would have no right to enforce it until he had been damnified. His counsel cite a decision of our Supreme Court, Dunlap v. Epler & Callon, 88 Ill. 82, in support of the position that, on default of payment of the first note by appellee, appellant has the right to take possession of the property, without waiting until he was compelled to pay it. In that case it was held that, where a note was given to secure the mortgage as surety on the mortgagor's note to a third party, and it was provided therein that the mortgagor should retain possession of the property until default in payment of the note at maturity, that in case of such default it was the duty of the mortgagee to take possession of the property, and that if he did not, he lost his right to, as against an execution creditor of the mortgagor. It should be observed, however, that in that case the court was speaking of a valid chattel mortgage in a case where the interest of the third parties were involved.

In this case we have an instrument where the instrument claimed to be a chattel mortgage is void as such. The authority is not in point. Judgment affirmed.