Argued 26 January; decided 20 March, 1899.

### SCHOOL DISTRICT *v.* IRWIN.

[56 Pac. 413.]

1. Schools—Appeal from Decision of County Superintendent.—An appeal from an order of a county school superintendent to the State Superintendent of Public Instruction is not authorized by Section 2569, Hill's Ann. Laws, empowering the latter to exercise a general superintendence of the county and district school officers, and the public schools of the state, or section 2572, providing that he shall decide, without costs to the parties appealing, all questions and disputes that may arise under the school laws of the state.

2. Schools—Petition for Writ of Review.—The circuit court does not acquire jurisdiction under Hill's Ann. Laws, § 584, to review the acts and determination of the county school superintendent by a petition for a writ of review describing definitely and certainly the determination of the State Superintendent of Public Instruction on an alleged appeal from such county school superintendent, who is made a party, and whose determination is set out, where the only error alleged is that relating to the decision of the State Superintendent of Public Instruction. If the petitioner desired to review the acts of the county superintendent, he should have alleged the errors committed by that official.

From Douglas :  ͦ J. C. Fullerton, Judge.

This is a proceeding by writ of review, instituted by School District No. 116 for the purpose of having reviewed the action of the Hon. G. M. Irwin, Superintendent of Public Instruction, in reversing and setting aside the order of Douglas Waite, County School Superintendent of Douglas County, Oregon, made and entered November 20, 1896, relating to a change in the boundary of district No. 16, which eliminated a portion of said district. The plaintiff district was subsequently created, embracing within its boundaries, with other territory, the eliminated portion of district No. 16. The other plaintiffs, C. S. Miller and S. L. Dillard, are residents, taxpayers and legal voters of the new district. The Hon. G. M. Irwin, Superintendent of Public Instruc-

tion, Douglas Waite, School Superintendent of Douglas County, and School District No. 16, are made parties defendant.

It appears from the petition for the writ, and the returns thereto, that, on November 20, 1896, a petition was presented to the county school superintendent, signed by twenty-nine persons, praying a change in the eastern boundary of district No. 16, and upon the same day he made an order reciting that, "In pursuance of the petition now on file in the office, and signed by a majority of the legal voters in School District No. 16 of Douglas County, Oregon, the eastern boundary thereof is changed to read as follows,"—designating the boundary. On December 4 two of the directors of said district filed with the superintendent a motion, based upon affidavits, to set aside the order of November 20, assigning as a reason therefor that the petition upon which the order was based did not contain a majority of the legal voters of the district. Counter-affidavits were filed on December 7, and on December 8 the superintendent made the following order with reference thereto : "The above motion is overruled for want of evidence in proof of matter therein alleged, and for want of authority to adjudicate in the matter." On December 16 a notice of appeal from the action of the school superintendent was filed with the Superintendent of Public Instruction, whereupon the latter notified the county school superintendent of such appeal, fixed a day for taking testimony, and, in pursuance thereof, took and heard testimony in the matter, and, on January 30, rendered his decision, reversing, setting aside and vacating the said order of November 20. It is alleged in said notice of appeal that a remonstrance, containing a greater number of names than appeared upon the petition, was left at the office of the county school superintendent on the twenty-first,

and his attention attracted thereto on the twenty-third of November, 1896, and that he refused to pass upon the same; but these alleged facts do not appear in the returns.

The court below, without looking into the proceedings on appeal to the Superintendent of Public Instruction, determined that the act of the county school superintendent was void and made without authority of law, reversed the action of that officer directly, and vacated his order changing the boundary of said district No. 16. From this action of the court the plaintiffs appeal to this court.

Reversed.

For appellants there was a brief over the names of *O. P. Coshow* and *J. W. Hamilton*, with an oral argument by *Mr. Coshow.*

For respondent School District No. 16, there was a brief over the name of *Byron & Long*, with an oral argument by *Mr. George Byron.*

Mr. Chief Justice Wolverton, after stating the facts, delivered the opinion of the court.

The plaintiffs insist that there exists no right of appeal from the acts of a county school superintendent, in changing the boundaries of his district, to the Superintendent of Public Instruction. If this is so, it is decisive of the case, unless the proceedings on review have also brought up for consideration the action of the county school superintendent in making such change. The Superintendent of Public Instruction is empowered "to exercise a general superintendence of the county and district school officers and the public schools of this

34 Or.—28.

state :'' Hill's Ann. Laws, § 2569. And section 2572 provides that ''he shall decide, without cost to the parties appealing, all questions and disputes that may arise under the school laws of the state ; *provided*, that he may refer any question of importance to the State Board of Education for their decision ; and, *provided*, that all decisions, regulations, and forms of procedure, on part of the board, in matters of school controversies, shall be regulated and established by such rules of the board as they may establish. All decisions of the Superintendent of Public Instruction and the State Board of Education shall be binding in law until a different decision shall be given in the circuit and supreme courts of the state.'' These are the only provisions of the statute to which our attention has been called which would in any way seem to authorize the Superintendent of Public Instruction to entertain jurisdiction, and to hear and determine matters on appeal from the acts of subordinate school officers.

The State Board of Education is authorized and empowered (Hill's Ann. Laws, § 2582, Subd. 2) ''to prescribe a series of rules for the general government of the public schools, that shall secure regularity of attendance, prevent truancy, secure and promote the real interests of the schools.'' In pursuance of such authority, and for the purposes thereby enumerated and prescribed, the board has adopted certain rules, of which numbers 2 and 8 only are pertinent to the present inquiry. Rule 2 relates to appeals by individuals from the action, order, and decision of district boards of directors to the county school superintendent ; and rule 8 provides : ''An appeal may be taken from the decision of the county superintendent to the Superintendent of Public Instruction, in the same manner as provided for taking appeals from the district board to the county superintendent, as

nearly as applicable, except that he shall give twenty days' notice of the appeal to the county superintendent, and the like notice shall be given to the adverse party. And the decision when made shall, so far as the school department is concerned, be final. This right of appeal shall apply to all cases, except as hereinafter provided, and in any cases of sufficient importance the Superintendent of Public Instruction may bring the matter before the State Board of Education for determination."

The principle is well settled that, where a particular jurisdiction is conferred upon an inferior court or tribunal, its decision will be final, unless provision is made by statute for an appeal: *McGowan* v. *Duff*, 41 Ill. App. 57; *Hileman* v. *Beale*, 115 Ill. 355 (5 N. E. 108); *In re Storey*, 120 Ill. 244 (11 N. E. 209). And it has been said by this court that "appeals for the removal of causes from an inferior to a superior court, for the purpose of obtaining trials *de novo*, are unknown to the common law, and can only be prosecuted when they are expressly given by statute:" *Town of La Fayette* v. *Clark*, 9 Or. 225. To the same effect, also, see *Sellers* v. *City of Corvallis*, 5 Or. 273; *City of Corvallis* v. *Stock*, 12 Or. 391 (7 Pac. 524); *Barton* v. *La Grande*, 17 Or. 577 (22 Pac. 111). Such being the rule pertaining to inferior tribunals invested with judicial cognizance, it applies with equal or greater cogency to officers and boards whose functions are ministerial, or *quasi* judicial only, in their character. It may be conceded that the Superintendent of Public Instruction, in the exercise of a general superintendence of school officers in the several counties, would have the authority to revise their acts in fixing or changing the boundaries of school districts, and that he might exercise such authority as an act of original cognizance: *State* v. *Whitford*, 54 Wis. 150 (11 N. W. 424); *People* v. *Board of Education*, 3 Hun. 177. The power to hear and

determine matters on appeal would seem to have been in the contemplation of the legislature from the reading of section 2572, wherein the state superintendent is required to decide questions and disputes arising under the school laws without cost to the parties appealing. But there is here involved the right of parties to appeal to his jurisdiction, and, unless given by statute, it does not exist.

1. The language of the two sections alluded to, as defining or indicating the powers of the Superintendent of Public Instruction, cannot be construed as conferring any such right upon the parties litigant, nor does the statute elsewhere give the remedy. There is no attempt whatever to designate or define the nature or the class of controversies from which an appeal may be taken, nor to indicate what parties to the controversy, if any, are entitled to pursue such remedy. No provisions are thereby made whereby it may be inferred that the legislature even intended to confer any right on the litigants in the nature of a remedy by appeal to a higher functionary for redress, if not satisfied with the action of the officer entertaining original jurisdiction. The remedy by appeal is a matter quite distinct within itself, and, unless given by statute to litigants and parties who may feel themselves aggrieved by the action of a subordinate officer or tribunal, the right simply does not exist, and the action of such functionary is final, except as it may be reviewed by the courts upon appropriate proceedings recognized by law. It is true the board of education has prescribed certain rules defining the manner of taking appeals in certain cases ; but, in formulating such rules, it assumed to act only in pursuance of certain statutory powers conferred, and it is very apparent that those powers do not include the authority to give a remedy by appeal from the county school superintendent to the Superintendent of Public Instruction touching matters here in contro-

versy.   We are clear that School District No. 16, and its directors, were without the right of appeal to the Superintendent of Public Instruction, and, therefore, that he did not acquire jurisdiction to inquire into the matters of controversy by virtue of the attempted appeal.

2.   We are now to consider whether the proceedings and acts of the county school superintendent were properly before the circuit court for review ;  or, in other words, whether that tribunal obtained jurisdiction to determine the controversy touching them.   The statute giving a remedy by writ of review (section 584) has prescribed what the plaintiff shall do in order to obtain the writ.   Among other things, he is required to describe in his petition therefor, with convenient certainty, the decision or determination sought to be reviewed, and to set forth therein the errors alleged to have been committed. We must, therefore, look to the petition for the ascertainment of the matters which it is sought to have reviewed, and of the tribunal whose errors it is sought to have corrected.   The petition in the case at bar describes very definitely and certainly the decision and determination of the Superintendent of Public Instruction, given and rendered upon the alleged appeal from the county school superintendent, and, in a narrative of the proceedings had and determined, has also specified with some precision the determination of the county school superintendent, but it alleges error only regarding the action of the superior officer.   The plaintiffs have thus indicated very clearly that their purpose was to secure a review of the acts and proceedings of the latter officer merely, and, we think, by statutory intendment, the petition became the measure of the court's jurisdiction to hear and determine concerning the matters and proceedings which have been certified up, under and in pursuance of its directions, manifested by the writ.   It is true that the county school

superintendent was made defendant, and the prayer of the petition was that he also be required to certify up his record; but no errors were assigned touching his action in the premises, and the only purpose of procuring such record was to enable the court the more readily to determine the errors assigned regarding the action of the Superintendent of Public Instruction, he having considered the matter as one of original cognizance. We hold, therefore, that the circuit court did not acquire jurisdiction by the writ to review the acts and determination of the county school superintendent: *Brody* v. *Township Board*, 32 Mich. 272. The case of *Woodruff* v. *Douglas County*, 17 Or. 314 (21 Pac. 49), is cited as an authority for the entertainment of such jurisdiction; but it relates to an appeal from the circuit court, and the assignment of errors in the notice therefor, it being there determined that it was not necessary to the conferring of jurisdiction upon this court that an error relating to the jurisdiction of the court below should be specified in the notice of appeal. In the present case the respondents are seeking to have this court affirm the determination of the lower court in a matter wherein it had never acquired jurisdiction by the petition for the writ to pass upon or decide. The judgment of the court below will therefore be reversed, and the case remanded with directions to reverse and vacate the decision, order, and determination of the Superintendent of Public Instruction in setting aside the order of the county school superintendent.

Reversed.