## William F. Thomas et al. v. Sanford Sellers.

1.  APPEALS—*In Trials of the Right of Property.*—An appeal in a trial of the rights of property under the statute (Chap. 140a, Sec. 1, Hurd's Statutes, 1898, p. 1457) is properly taken to the Appellate Court.

2.  SAME—*Trials of the Right of Property—Repeal by Implication.*— A trial of the rights of property under the statute is a proceeding at law, and the act of 1887 (Laws of 1887, 156) conferring jurisdiction upon the Appellate Court in all matters of appeal or writs of error from the final judgments, orders or decrees of the Circuit or County Courts in suits or proceedings at law (Rev. Stat. Chap 37, Sec. 8), repeals, by implication, Sec. 122 of the County Court act of 1874, providing for appeals from judgments of the County Courts to the Circuit Courts.

3.  CHATTEL MORTGAGES—*Notes Secured by, Must Have Written Across Their Face " Secured by Chattel Mortgage."*—Writing across the face of a note secured by a chattel mortgage the words " Secured by mortgage " is not a compliance with the act of 1895 (Laws of 1895, 260) requiring notes so secured to state the fact upon their face.

Trial of the Rights of Property.—In the County Court of Putnam County; the Hon. JOHN MCNABB, Judge, presiding.   Finding and judgment for claimant; appeal by defendant.   Heard in this court at the May term, 1899.   Reversed, with a finding of facts.   Opinion filed October 15, 1899.

L. C. HINCKLE and ARTHUR KEITHLEY, attorneys for appellants.

A chattel mortgage securing a note which fails to state upon its face that it is so secured, as required by the act of 1895, is absolutely void.   Quaintance v. Badham, 68 Ill. App. 87.

It is fraudulent *per se* to leave personal property with the mortgagor after the purchase of the same by the mortgagee at mortgage sale.  Thompson v. Yeck, 21 Ill. 73.

" A, having sold goods at public sale under a chattel mortgage, purchased them himself, and allowed the mortgagor to retain possession of them, taking his receipt therefor.  Held, that the goods, being in the mortgagor's possession after the sale, were liable to attachment." Thompson v. Yeck, 21 Ill. 73.

James E. Taylor and Alfred R. Greenwood, attorneys for appellee.

An appeal in this case lies only to the Circuit Court for the reason that it is not a judicial proceeding.  Rowe v. Bowen, 28 Ill. 116; Pease, etc., v. Waters et al., 66 Ill. App. 359; Robeson et al. v. Lagow, 73 Ill. App. 665; Grier v. Cable, 159 Ill. 29.

Appellee also contended that it is not material in this case whether the note secured by chattel mortgage recited that it was so secured or not, the mortgagee having taken the property into his possession and sold it before the execution mentioned became a lien.  Whisler v. Roberts, 19 Ill. 274; Frank v. Miner, 50 Ill. 444; Chipron v. Feikert et al., 68 Ill. 284; Jones on Mortgages, 452; Gaar, Scott & Co. et al. v. Hurd et al., 92 Ill. 315; Ream et al. v. Stone et al., 102 Ill. 359.

The act of 1895, in requiring notes secured by chattel mortgages to so recite upon their face, has reference only to the assignment of notes secured by chattel mortgages. A note having no such recital upon its face would be void in the hands of an assignee of the note, but not as between the payee and maker of the note.  See title of the act of 1895; Rev. Stat., Chap. 95, Sec. 1;  S. & C. An. Stat., Vol. 3, p. 2774.

Mr. Presiding Justice Crabtree delivered the opinion of the court.

This was a proceeding in the County Court for the trial of the right of property in certain chattels which were

claimed by appellee under an alleged chattel mortgage, executed to him by his brother, David Sellers.

Appellants obtained judgment against David Sellers, and caused an execution to be levied upon the property in controversy. Appellee gave notice of a trial of the right of property under the statute. (Chap. 140a, Sec. 1, Hurd's Statutes 1893, p. 1457.)

This proceeding followed. A jury was waived and the cause being tried by the court, judgment was rendered in favor of claimant below (appellee here) and the defendant appealed to this court.

Appellee has entered his motion to dismiss the appeal, on' the ground it was improperly taken to this court, and that we are without jurisdiction to hear and determine the same. As this motion was taken with the case it will be first disposed of: The contention of appellee is, that the appeal should have been taken to the Circuit Court.

The statute conferring jurisdiction upon this court, as amended in 1887, provides that it shall " have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the Circuit Courts, or the Superior Court of Cook County, or County Courts * .* * in any suit or proceeding at law, or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold, or the validity of a statute." (Rev. Stat., Chap. 37, Sec. 8.)

It was held in Union Trust Company v. Trumbull, 137 Ill. 146, that the amendment of 1887 was a repeal by implication, of Sec. 122 of the County Court act of 1874, providing for appeals from judgments of the County Courts to the Circuit Courts.

If this is a "suit or proceeding at law or in chancery," then the appeal is properly taken to this court under the law as amended in 1887. To all intents and purposes, a trial of the right of property as provided for in the statute, is but another form of the action of replevin, without formal pleadings, whereby parties may have their rights determined in a more speedy and expeditious manner, and without the

necessity of giving bonds. A proceeding somewhat analogous to this was known to the common law. Where the sheriff had levied a distress upon goods and chattels which were sought to be replevied from him by the party distrained upon, if the distrainor claimed a property in the goods taken, the party replevying was required to sue out a writ *de proprietate probanda*, and then the sheriff was bound to try by an inquest or jury, in whom the property previous to the distress subsisted; and if it were found to be in the distrainor, the sheriff could proceed no further, but must return the claim of property to the Court of King's Bench or Common Pleas, to be there further prosecuted, if thought advisable, and there finally determined. (3 Bl. Com. 148.) We are disposed to hold that this was a proceeding at law, and that the amendment of 1887 above referred to, repealed, by implication, section 11 of the Trial of Right of Property act.

We have been referred to the cases of Pease v. Waters, 66 Ill. App. 359, and Robeson v. Lagow, 73 Ill. App. 665, as sustaining a contrary view; but however much respect we entertain for the courts in which those decisions were rendered, we feel constrained to follow our own opinion above expressed, rather than those in the cases cited, in one of which the question does not seem to have been before the court, and what was said upon that subject must therefore be regarded as *obiter dictum;* especially is this so in view of the fact that the same court, in an earlier case, expressed a contrary opinion. (McGowan v. Duff, 41 Ill. App. 57.) Our conclusion upon this branch of the case is, that the appeal was properly taken to this court, and the motion to dismiss must be denied.

The facts of the case appear to be that for many years appellee had been living with, and working for, his brother, David Sellers; that on January 4, 1898, David Sellers executed to appellee what purported to be a chattel mortgage, covering the property in controversy, to secure a certain promissory note for $834, payable in two years, with interest at six per cent per annum. Written across the face of

the note were the words " secured by mortgage." On March 23, 1899,. appellee assumed to take possession of the property, and advertised it for sale, under the mortgage. He procured an auctioneer to cry the sale and himself became a purchaser of most of the property. After such alleged sale the property was permitted to remain on the farm the same as before, the horses being returned to their own stalls in the stable on the place, and being fed with grain and hay belonging to David Sellers, the mortgagor. Appellants having obtained a judgment against David Sellers, upon which an execution was issued, they caused a levy to be made upon the property, after the sale, whereupon these proceedings followed, as we have herein above first stated.

The main question for our determination is as to the validity of the chattel mortgage, because appellee's sole claim to the property in controversy is under the mortgage. We had occasion to consider this question in Quaintance v. Badham, 68 Ill. App. 87, and we there held that for want of the statutory requirement, viz., that the notes should show upon their face that they were secured by chattel mortgage, the mortgage was absolutely void. We do not feel authorized to place such a construction upon the statute as will fritter away its plain intent and meaning. It is true there was an attempt in this case to comply with the statute, but we can not hold that the words " secured by mortgage " are equivalent to saying that they were secured by chattel mortgage. But it is contended that appellee took possession of the property before the lien of the execution attached, and therefore it is immaterial whether the note bore upon its face the statutory requirement or not, it being argued that this provision of the statute has reference only to the assignment of such notes. Undoubtedly the object of the statute was to protect the makers of promissory notes secured by chattel mortgage, as against the claims of the assignees thereof, in fraud of the rights of the mortgagor; but it was evidently the intent of the legislature to provide as a penalty for a failure to comply with the statute, that the mortgage itself.should be void. If void, no rights whatever could be predicated upon the mortgage.

But the taking possession, selling the property, its purchase by the mortgagee, and its retention upon the farm under the same circumstances as before the sale, all seem to cast some suspicion upon the question of good faith in the transaction.   An examination of the mortgage in the record fails to show that appellee had a right to become a purchaser at his own sale under the alleged mortgage.   Yet he purchased most of the property himself, and instead of removing it, simply permitted it to remain apparently in the possession of the mortgagor, the same as before.   It is unnecessary to cite authority to show that a mortgagee of chattels can not so deal with them, and hold the property as against *bona fide* creditors, seeking to levy thereon.   Our conclusion is that the judgment was erroneous and must be reversed.   But as we are of the opinion that upon the facts appellee is not entitled to recover the property, the cause will not be remanded.

**Finding of Facts** to be made a part of the judgment: We find as a fact that the note intended to be secured by the mortgage bore upon its face the words, " secured by mortgage," and did not show that it was secured by a chattel mortgage.

We further find as a fact that appellee bases all his claim to the property on this supposed chattel mortgage.