## Henry A. Butler et al. v. Hugh Colwell et al.

1. CHATTEL MORTGAGES—*When the Note Does Not State Upon its Face That it is Secured by Chattel Mortgage.*—A chattel mortgage is not void under section 1 of the Chattel Mortgage Act of 1895 (Laws of 1895, 260), for failure of the note to state upon its face that it is secured by chattel mortgage, unless the note has been assigned.

2. SAME—*Where Agreement of Parties Will Not Preserve the Character of Property as Personalty.*—If the subject of a chattel mortgage is affixed to realty so as to become a part of it, or if the lease of the mortgagor does not authorize its removal from land owned by another, and such renewal can not be made without injury to the realty or to the fixture, the agreement of the parties will not preserve the character of the property as personalty.

Bill to Enjoin Foreclosure of Chattel Mortgage.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed April 10, 1900.

BREWER & STRAWN, attorneys for appellants.

DANIEL R. BURKE, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity filed by appellees against appellants and others, whereby they sought to restrain appellants and Yockey, their agent, from foreclosing a chattel mort-

gage executed by C. R. and J. A. Arnold to appellants, and for the further purpose of having the premises described in such mortgage (being a frame building attached to a brick building owned by appellees) declared to be the property of Thomas and Hugh Colwell, the appellees.

Thomas and Hugh Colwell, being the owners of a two story brick store building, known as No. 818 LaSalle street, in the city of Ottawa, on November 29, 1895, leased the same to C. R. Arnold for a term of five years from December 20, 1895, with the option of a renewal for a further term of five years.

On the same day the Colwells entered into a written contract by which they agreed to construct for said Arnold a studio at the rear of said No. 818, according to dimensions and plans agreed upon, they to furnish the necessary labor and material, for the agreed price of $415.20, which Arnold was to pay them in three equal payments, in one, two and three years after date, Arnold to give notes with security and pay interest at the rate of seven per cent upon said sum. The studio was completed and Arnold entered into possession about December 21, 1895. The agreement was that Rev. Ethridge should sign the notes as surety, but Ethridge refused to become such security, and the notes were executed by C. R. Arnold and J. A. Arnold only; afterward, on February 18, 1896, C. R. Arnold executed to Thomas and Hugh Colwell a chattel mortgage of that date on the studio, and also on other personal property to secure the notes in question. This mortgage was acknowledged before V. B. Weeks, a justice of the peace of Ottawa, and was filed for record on the day of its date. On January 15, 1898, C. R. Arnold and Thomas and Hugh Colwell filed an affidavit in the recorder's office for the purpose of extending the time of payment of the notes secured by the mortgage, as well as the lien of the mortgage, until February 18, 1900. The affidavit described the three notes given in payment for the studio, but was not filed with the justice who took the acknowledgment of the mortgage, and was not entered on his docket. On June 14, 1898, C. R. Arnold

made a bill of sale of the studio and other property to J. A. Arnold, who took immediate possession thereof. On August 10, 1898, J. A. Arnold and C. R. Arnold gave to appellants their judgment note for the sum of $95.34, due thirty days after date, and at the same time executed to appellants a chattel mortgage of even date to secure said judgment note, which chattel mortgage purported to convey said studio, and contained the following clause:

." And the mortgagors herein, for them," etc., * * * " do hereby covenant to and with the said mortgagees," etc., * * * " that said mortgagors are lawfully possessed of the said goods and chattels as of their own property; that the same are free from all incumbrances (except the interest of J. A. Arnold and a mortgage to Hugh and Thomas Colwell, dated February 18, 1896, and filed for record February 19, 1896), and that they will * * * warrant and defend the same to them, the said mortgagees."

The Arnolds defaulted in the payment of the notes given to the Colwells and failed to pay rent for the demised premises, so that when the controversy in this cause arose, they owed the Colwells upward of $800, and the latter caused their mortgage to be placed in the hands of a constable for foreclosure, but being advised that the mortgage was invalid because the notes did not bear on their face the words, " Secured by chattel mortgage," the foreclosure proceedings were abandoned. Thereupon appellants learning of these facts, placed their mortgage in the hands of Yockey, the then sheriff, to foreclose. Yockey took possession of the studio and proceeded to advertise the same for sale under appellants' chattel mortgage. The Colwells then filed the bill in this cause and obtained a temporary injunction restraining appellants and Yockey from proceeding with the sale.

Answers were filed and proofs taken before the master, and on a final hearing of the cause a decree was entered in favor of the Colwells, holding their chattel mortgage to be valid and a first lien, and that of appellants to be a second lien on the property and subject to that of the Colwells; the Colwells were directed to proceed with the foreclosure

of their mortgage and retain the sum of $509.54 besides the costs and expenses of foreclosure, and out of the surplus, if any, to pay appellants the amount due on their note and mortgage, and decreeing that appellants, the Colwells, and C. R. Arnold, each pay one-third of the costs. The Butlers prosecute this appeal.

It is insisted by appellants that the mortgage to the Colwells was void as a chattel mortgage under the statute, because the notes secured thereby did not say upon their face, "Secured by chattel mortgage." In two cases before this court we held such to be the law (Quaintance v. Badham, 68 Ill. App. 87; Thomas v. Sellers, 85 Ill. App. 58), but in Hogan v. Aiken, 181 Ill. 448, the Supreme Court has placed upon the statute a different construction to the one we gave it in the cases cited, and hold that a chattel mortgage is not void under section 1 of the Chattel Mortgage Act of 1895 (Laws of 1895, p. 260), for failure of the note to state upon its face that it is secured by chattel mortgage, unless the note has been assigned. Under this decision it must be held that the chattel mortgage to the Colwells (if it were a chattel mortgage) was valid, as the notes secured thereby had not been assigned but were still held by the original payees at the time they sought to foreclose the mortgage.

But we are of the opinion that neither of the supposed chattel mortgages can be properly so-called or treated as such. The property in the studio was clearly in the Colwells, subject to the lease, they being the owners of the fee. We think the proofs show that the studio was permanently affixed and built into the brick building to which it was attached, so as to become a part of it, and therefore a part of the realty. If detached it would have been practically worthless, and it could not have been removed without doing serious damage and injury to the brick building. Arnold was merely a lessee and never became the owner of the studio, and the proofs do not show it was the intention he ever should be the owner even if he had paid the notes given for its cost according to agreement. All there appears

to have been of the transaction is, that Arnold wanted more room, and obtaining a lease for five years with an option of five years more, he agreed to pay the cost of erecting the studio, and at the end of the term it was to belong to the Colwells as the owners of the fee, there being no provision in the lease giving Arnold the right of removal. But whether or not it was the intention of the parties that the Colwells should own the studio, it would, under the circumstances, become theirs as a matter of law. The intention is not always conclusive. If the subject of a chattel mortgage is affixed to realty so as to become a part of it, or if the lease of the mortgagor does not authorize its removal from land owned by another, and such removal can not be made without injury to the realty or to the fixture, the agreement of the parties will not preserve the character of the property as personalty. (Crosse v. Weare Com. Co., 153 Ill. 513.) Many other authorities might be cited in support of this proposition, but we think the one above referred to is sufficient and is conclusive as to the rights of the parties in the studio in controversy. There, as here, an instrument which was in form a chattel mortgage, was executed for the purpose of giving security upon property which was undoubtedly real estate, although it was described as goods and chattels, and it was held to operate as a valid mortgage of the realty and was given priority over a subsequent execution. Applying the same principles to the case at bar, the Colwells being the owners of the fee, the mortgage to them was good and valid as a real estate mortgage upon whatever interest Arnold had in the studio. (Knapp v. Jones, 38 Ill. App. 489; S. C. 143 Ill. 375.)

On the other hand, as the only interest Arnold had was his lease, and he did not mortgage his term to the Butlers, they got nothing by their mortgage, as the studio was the only property attempted to be conveyed to them. Under this view of the case it is immaterial whether or not appellees in all things followed the law relating to chattel mortgages. The Butlers had no cause of complaint as no rights

of theirs were prejudiced by any act or failure to act on the part of appellees.

We think the decree should have been according to the prayer of the bill that the Butlers be ordered to release and abandon all claim or title to the studio, and that title and possession should be adjudged to be in the complainants. But no cross-errors are assigned and we do not see our way clear to reverse the decree at the instance of the Butlers as they have no cause of complaint in any view of the case. Appellees insisting that the decree should be affirmed, we will not reverse it. We would have been better satisfied had the decree been according to the prayer of the bill, but such as it is it will be affirmed.