Commissioners of Gaines agt. Albion Plank Road Co.

## COURT OF APPEALS.

McALLISTER AND OTHERS, Commissioners of Highways of the town of Gaines, resp'ts agt. THE ALBION PLANK ROAD Co. appel'ts.

The act to provide for the incorporation of Plank Road Companies, passed May 7th, 1847 (*Sess. L.* 1847, *p.* 226), was amended in 1851 (*Sess. L.* 1851, *ch.* 487). This amendment has reference to *appeals* from the decision of the County Court in the matter of altering or changing the location of " toll gates." And the amendment provides for the appointment, by the Supreme Court, of referees to hear, try and determine the appeal, to view the premises, &c.; and they are to proceed to a hearing of the respective parties *in the same manner as is provided by law and the rules and practice of the Supreme Court on references in civil actions;* and are to report their decision to the Supreme Court *as referees are required to report,* with the evidence taken by them, and the grounds of their decision.

The report may be reviewed by the (Supreme) Court, and judgment given thereon as justice and equity shall require, in view of the law and the facts so presented, "*and such judgment shall be final and conclusive.*

*Held,* that no appeal lies to this court from the judgment of the Supreme Court.

*September Term,* 1852. *Motion to dismiss appeal.* In January 1851, the respondents made an application to the County Court of Orleans county, to change the location of a toll gate in the appellants' road, in pursuance of § 37 of the act to provide for the incorporation of plank road companies, passed May 7th, 1847 (*Session Laws of* 1847, *ch.* 210, *p.* 226).

At a stated term of the said County Court, held on the 8th day of February 1851, an order was made, changing the location of the toll gate.

On the 19th of February 1851, the appellants appealed to the Supreme Court in the 8th district, where, on the 26th day of June 1852, the order of the Court was affirmed at the general term.

A. TABER, *for Motion.*

N. HILL JR., *Opposed.*

By the Court, WELLES, J.—The appellants have appealed to this court from the order of the Supreme Court, affirming the order of the County Court; and a motion is now made to dismiss that appeal, on the ground that the order of the Supreme Court is not appealable.

It is provided by the section of the plank road act referred to (§ 37), that the commissioners of highways may, on at least fifteen days written notice to the president or secretary of a plank road company, apply. to the County Court for an order to alter or change the location of a toll gate. The court on hearing the parties, and on viewing the premises, if deemed necessary, shall make such order as shall be deemed just and proper; and either party may, within fifteen days, appeal from such order to the Supreme Court, on giving such security as the County Court shall require. The same section declares that the decision of the Supreme Court on such appeal " *shall be final in the matter.*"

The amendment of 1851 (*Sess. L.* 1851, *ch.* 488), directs the Supreme Court, in case of such appeal, on motion of either party, on due notice, to appoint three referees, to hear, try and determine the appeal. The referees are to view the premises and the location of the gate affected by the order appealed from and are to proceed to a hearing of the respective parties in the same manner as is provided by law and the rules and practice of the Supreme Court on references in civil actions, and are to report their decision to the Supreme Court as referees are required to report, with the evidence taken by them, and the grounds of their decision.

The report may be reviewed by the court and judgment given thereon as justice and equity shall require in view of the law and the facts so presented, " *and such judgment shall be final and conclusive.*"

In this case the appeal to the Supreme Court was tried by referees, duly appointed in pursuance of the act of 1851, whose report was confirmed by the court, and judgment given thereon.

We are of the opinion that it was the intention of the legislature, that the decision of the Supreme Court upon appeal from the County Court, under the plank road act, should be an end of the controversy, and that no appeal will lie to this court therefrom. The act of 1847 declares that such decision shall be final in the matter, and the act of 1851, that it shall be final and conclusive.

It is not perceived how any effect can be given to these expressions, unless it be to take away and prevent any further

appeal or review. They certainly add nothing to the force or validity of the decision, which would be just as binding and operative in all respects without, as with them; and it will hardly do, after they have been inserted in the original act, and repeated in the amendment, to treat them as redundant, and meaning nothing.

There are reasons why we think it was intended by the legislature that these controversies should be terminated by the Supreme Court. In both the County and Supreme Courts, provision is made for a view of the premises. The decision may be properly based upon facts appearing upon such view, of which the referees can judge with far more accuracy and propriety, than would be possible for this court, upon appeal.

It was probably one object, that the proceedings should be attended with as little delay and expense, as would be consistent with the rights of the parties, and at the same time secure to them a full opportunity for investigation upon the merits. Two reviews are in effect given. One by the referees and one by the Supreme Court; and the legislature may well have supposed that the interests of the community required that litigation as to the location of a toll gate should there end. We think they have so determined, and that the provision is a salutary one.

The motion should be granted.