Argued 11 February; decided 11 March, 1901.

## PORTLAND *v.* GASTON.

[63 Pac. 1051.]

CONSTITUTIONAL RIGHT TO APPEAL TO SUPREME COURT.

1. The provision of the State Constitution, article VII, § 6, that the supreme court shall have jurisdiction to revise the final decisions of the circuit courts, is not self-executing, and the cases that may be appealed, and the manner in which appeals may be taken, must be prescribed by some proper authority. Where the legislature has enacted that an appeal may or may not be taken in a given case or class of cases, such determination is conclusive: *Simon* v. *Common Council*, 9 Or. 437, applied.

STATUTES — APPEAL IN STREET CONDEMNATION CASES.

2. A statute providing that an owner whose property has been condemned for use as a street may appeal to the circuit court from the award of damages by the council, and that the decision of the circuit court "shall be a final and conclusive determination of such assessment" (Laws 1898, 101, 146, §§ 112, 114, 117), and that immediately upon the rendition of the judgment the city shall appropriate the amount thereof, and draw a warrant on the treasury for the amount thereof in favor of the owner of the property, and unless such appropriation shall be made, and warrant be drawn, and the money to pay the same be in the city treasury subject to the payment of such warrant, within six months of the rendition of the judgment, the entire proceeding shall be void, limits the right of appeal to the circuit court, and the supreme court has no jurisdiction to review or revise that decision, since the statute would be meaningless if an appeal could be taken from the judgment.

Appeal from Multnomah County.

Action by the City of Portland against Mary Gaston to open a street. From a judgment fixing the amount of damages, defendant appeals. Plaintiff moves to dismiss the appeal. DISMISSED.

*Mr. D. Solis Cohen,* for the motion.

*Mr. Seneca Smith, contra.*

Mr. CHIEF JUSTICE BEAN delivered the opinion.

This is a motion to dismiss an appeal from the judgment of the circuit court rendered on an appeal from the action of the Common Council of the City of Portland in the matter of the assessment of damages suffered by the defendant in consequence of the laying out and establishment of Main Street through her premises. The charter of the city (Laws 1898, p. 146), after conferring upon the council power and authority to establish and open streets, and prescribing in detail the method of procedure, provides that the owner or owners of any lot or part thereof sought to be appropriated may, within twenty days from the adoption of the report of the viewers by the council, appeal to the Circuit Court of Multnomah County from such report and assessment of damages, limiting the inquiry, however, on such appeal, to the question of "the excess of damages over benefits" (sections 112, 113), and that such appeal shall be conducted, heard, and determined in the circuit court, and the judgment thereon enforced, as far as practicable, as in an action at law. It is also provided by section 114 that the jury shall view the property to be appropriated, that proof of damages and benefits may be introduced by the parties to the litigation, and in making the reassessment the jury shall be governed by the same laws as in the charter provided for the action of viewers, and that their verdict "shall be a final and conclusive determination of such assessment." Section 117 directs that, in case of an appeal to the circuit court from the assessment of damages, the council shall, immediately after judgment is rendered therein, make an appropriation for the amount of damages and costs, if any, assessed by the jury against the city, and order warrants drawn on the treasurer, payable out of the fund provided for that purpose, for the amount thereof, in favor of the owner or owners of such property, and "that unless said appropriation shall be made

and said warrants so drawn and ready for delivery, and the full amount of such appropriation shall be in the city treasury subject to the payment of such warrants  *  *  *  within six months from the date of the rendition of judgment or decree on appeal, all acts and proceedings under such survey and view shall be null and void."

1.   The contention for the city is that, under these provisions of the charter, no appeal will lie to this court from the judgment of the circuit court in the matter of the assessment of damages for the opening or laying out of a street, and this view we think is supported by the authorities.   An appeal in an action at law, it is true, under our system, partakes somewhat of the nature of a writ of error, which in most cases was a matter of right at common law; but with us it depends wholly upon statutes granting that right, and not upon any principle of the common law.   The right of a litigant to prosecute an appeal or writ of error is a matter pertaining to the mode of judicial procedure, and is not guarantied by our constitution.   The provision (article VII, par. 6) that this court shall have jurisdiction to revise the final decisions of the circuit courts is not self-executing, and does not mean that all decisions of such courts may be brought here for revision, in the absence of a prescribed method by which jurisdiction may be obtained.   The legislature has the power to define in what cases, and under what circumstances, and in what manner, an appeal may be taken to this court : *Western American Co.* v. *St. Ann Co.*, 22 Wash. 158 (60 Pac. 158) ; *Sullivan* v. *Haug,* 82 Mich. 548 (46 N. W. 795). In the absence of a legislative enactment to the contrary, it is probable that an appeal will lie from the judgments or decrees of the circuit court, under Hill's Ann. Laws, § 535. But, when the legislature has prescribed rules of procedure in special proceedings, such rules must be followed, and, if they limit the right of appeal or specify the court or tribunal in which such proceedings shall terminate, they must govern :

*Simon* v. *Common Council,* 9 Or. 437. Now, in this instance, the legislature has, by the Charter of the City of Portland, provided a special proceeding for establishing and opening streets and assessing damages to the property owners therefor. It has given to a dissatisfied landowner the right to appeal to the circuit court from the assessment of damages alone, and has provided, in effect, that the judgment of such court on that question shall be final and conclusive.

2. The clear meaning, it seems to us, of the several provisions of the charter, is that the legislature intended that litigation over the opening of a street, so far as the question of damages to the property owner is concerned, should terminate in the circuit court. The language of the charter, confining the inquiry in such court to that question, and making the verdict of the jury a final and conclusive determination of such assessment, and the requirement that an appropriation should be made, and a warrant issued, and the full amount necessary for its payment be in the city treasury, six months after the rendition of a judgment thereon, otherwise the proceedings shall be null and void, would be senseless if not construed to make such proceedings final. It is not perceived how any effect can be given to these provisions of the charter unless it be to take away and prevent any further appeal or review in the matter of the assessment of damages. They must have been inserted by the legislature for some purpose, and the court cannot treat them as redundant and without meaning. We can reach no satisfactory conclusion other than that they were designed and intended to confine a dissatisfied land owner to a new trial of the question of damages and benefits by the circuit court. The wisdom of such legislation rests upon questions of public policy, and is for the legislative department to determine, and the courts must abide by its determination. The conclusion reached is supported by numerous authorities, construing similar statutes, governing proceedings in courts of general

jurisdiction: 1 Dillon, Mun. Corp. (4 ed.), § 440; *Appeal of Houghton,* 42 Cal. 35; *McAllister* v. *Plank-Road Co.,* 10 N. Y. 353; *N. Y. Cent. R. R. Co.* v. *Marvin,* 11 N. Y. 276; *In re Canal & Walker Streets,* 12 N. Y. 406; *People* v. *Betts,* 55 N. Y. 600; *People* v. *Richmond,* 16 Colo. 274 (26 Pac. 929); *Dismukes* v. *Stokes,* 41 Miss. 430. It follows that the appeal must be dismissed, and it is so ordered.

DISMISSED.