## BLUMAUER-FRANK DRUG CO. v. HORTICULTURAL FIRE RELIEF OF OREGON.*

[112 Pac. 1084.]

CONSTITUTIONAL LAW—FINAL JUDGMENTS—GRANTING NEW TRIAL.
1. Section 6, Article VII, of the Constitution of Oregon, giving the Supreme Court jurisdiction only to review final decisions, not being self-executing, the legislature must prescribe what constitutes final decision, so that Section 548, L. O. L., with the amendment (Laws 1907, p. 313), declaring that an order setting aside a judgment and granting a new trial shall be deemed a final judgment, is not unconstitutional.

APPEAL AND ERROR—NATURE OF RIGHT OF APPEAL.
2. The ᵒright of appeal is statutory.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by the Blumauer-Frank Drug Company against the Horticultural Fire Relief of Oregon. There was a judgment in favor of plaintiff, and from

---

*May 31, 1911, on motion of respondent this case was dismissed without an opinion.    REPORTER.

an order setting aside the judgment and granting a new trial, plaintiff appeals, and defendant moves to dismiss the appeal.                          MOTION DENIED.

*Mr. John Bayne,* for the motion.

*Messrs. Joseph & Haney, contra.*

Opinion by MR. CHIEF JUSTICE EAKIN.

Judgment for the plaintiff was rendered upon the verdict in this action. Thereupon defendant moved the court to set aside the judgment and grant a new trial, which was allowed by the court. From that order plaintiff appeals, and defendant moves to dismiss the same, because the order appealed from is not a final judgment.

1, 2. As held in *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051), the provision of the constitution (Article VII, Section 6) that the Supreme Court shall have jurisdiction only to review the final decisions of the circuit courts, is not self-executing. The cases that may be appealed must be prescribed by the legislature, and it may determine what shall constitute a final decision. The right of appeal is statutory: *State* v. *Security Savings Co.,* 28 Or. 410 (43 Pac. 162) ; *School District* v. *Irwin,* 34 Or. 431 (56 Pac. 413) ; *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145). The provisions of Section 548, L. O. L., necessarily include all judgments and decrees, and define certain other orders that shall be deemed judgments or decrees. This includes the amendment (Laws 1907, p. 313), providing that an order setting aside a judgment and granting a new trial shall, for the purpose of being reviewed, be deemed a final judgment, and is not uncoustitutional.

The motion to dismiss is denied.                          DENIED.

Mr. Justice BURNETT, having tried this case in the lower court, took no part in its decision.