Submitted on briefs without argument, decided February 10, 1914.

## LIVESLEY v. LANDON.

(138 Pac. 853.)

**Elections—Contests—Appeal.**

1. Under Sections 3525, 3529, 3532, 3533 and 3537, L. O. L., prescribing the procedure in contested elections in the Circuit Court, and providing that the court shall finally determine all questions of law and fact, save only that the judge may, in his discretion, impanel a jury to decide on questions of fact, and making no specific provision for appeal, the judgment in an election contest is not appealable, such contests being summary special proceedings and not actions or suits.

Appeal and Error—Nature of Right—Statutory Provisions.

2.  There is no right of appeal excepting when it is conferred by statute.

   [As to constitutionality of statute abridging right of appeal, see note in Ann. Cas. 1912B, 274.]

Municipal Corporations—Charter—Amendment—Construction.

3.  An amendment to a city charter, making the laws of the state relating to the holding of elections applicable to city elections, does not make the state law relating to contest of county, district and precinct officers a part of the charter; the amendment relating only to the holding of elections.

From Marion: Percy R. Kelly, Judge.

Department 1.   Statement by Mr. Justice Ramsey.

This is a proceeding instituted by P. A. Livesley, contestant and respondent, to contest the election of J. R. Landon, contestee and appellant, to the office of mayor of the City of Woodburn.   In the court below, judgment of ouster was rendered against the contestee. The contestee has brought the case to this court on an attempted appeal.   The contestant and respondent moved for an order dismissing the attempted appeal. The facts appear in the opinion of the court.

                                    Appeal Dismissed.

*Mr. Blaine McCord,* for the motion.

*Mr. H. Overton* and *Mr. E. A. Baker, contra.*

Mr. Justice Ramsey delivered the opinion of the court.

1.  At the election held in the City of Woodburn, on November 4, 1913, the contestant and the contestee were opposing candidates for the office of mayor of the City of Woodburn, and at this election the contestee received 383 votes and the contestant 378.   The contestee was declared elected to said office.   On November 12, 1913, the contestant began this proceeding to contest the contestee's election to said office, and to

oust him therefrom, on the alleged ground that the contestee was not eligible to said office for the reason he is not a citizen of the United States.   Section 1 of Chapter 3 of the charter of Woodburn (Laws 1899, p. 532) provides that the mayor of said city shall be a citizen of the United States, etc.   This contest was begun under Sections 3532 and 3537, L. O. L. (the corrupt practices act), and the trial was conducted under Section 3533, L. O. L.   The court below rendered a judgment ousting the contestee from said office and awarding it to the contestant.   The contestee has brought the case to this court on an attempted appeal.

The contestant has filed a motion for an order dismissing the attempted appeal, on the ground that there is no right of appeal from said judgment.   Section 3529, L. O. L., provides that any elector of any municipal division of the state may contest the right of any person to any office for which such elector has the right to vote.   Section 3537, L. O. L., provides a form for the petition for such a contest.   Section 3525, L. O. L., confers jurisdiction to hear and determine such a contest, upon Circuit Courts.   Section 3532, L. O. L., provides that, on the filing of a petition for a contest, the clerk shall *immediately* notify the judge of the court, and issue a citation to the person whose office is contested, citing him to appear and answer, not less than three nor more than *seven* days after the date of the filing of the petition.   Said section provides, also, that the court shall hear such contest, and that cases of contest shall take precedence over all other business on the court docket, and that such cases shall be tried and disposed with all convenient dispatch.   It provides, also, that the court shall always be deemed in session for the trial of such cases.   Section 3533, L. O. L., provides that the court *"shall finally determine all questions of law and fact,* save only that the judge may in

his discretion impanel a jury to decide on questions of fact." This section requires the court to "forthwith certify its decision to the board or official issuing certificates of * * election, which board or official shall thereupon issue certificates * * of election to the person * * entitled thereto by such decision." The sections referred to *supra* are parts of what is termed the corrupt practices act. The last clause of the title of said act (Laws 1909, p. 15) contains the following words relating to contests of elections: " * * And to provide the manner of conducting contests for nominations and elections in certain cases."

It will be seen that the contests provided for by the sections cited *supra* are summary special proceedings. They are neither actions nor suits in the ordinary sense of those terms. An ordinary action or suit is commenced by filing a complaint. The plaintiff or his attorney then issues a summons, signed by the plaintiff or his attorney, and this summons requires the defendant to appear and answer if served within the county in 10 days or within 20 days from the date of the service upon him, if served within any other county. In the contest proceeding the clerk issues a citation requiring the contestee to answer not less than three nor more than seven days from the date of the filing of the petition. In an ordinary action or suit, the issues are made up, and the case is tried in term time, when it is reached by the court in the ordinary course of judicial business. The contest proceedings referred to are to have precedence over everything on the docket, and the courts are declared to be in session at all times for the trial of such cases. These contest cases are to be tried without a jury, unless the court, in its discretion, shall submit the facts to a jury. Section 3533, *supra,* expressly provides that the court shall *finally* determine all questions of law and fact "unless it impanels

a jury to try the facts.''   Said act makes no provision whatever for an appeal from the decision of the Circuit Court.   The requirement that the Circuit Court shall ''*finally* determine all questions of law and fact,'' in view of the further fact that said act makes no provision for an appeal, seems to indicate that the people, in adopting said act, did not intend that the defeated party should have a right of appeal to this court. The contest provided for is clearly a summary special proceeding, and there is nothing in said act manifesting an intention that there should be any appeal.   By stating that the lower court should ''*finally* determine the law and the facts,'' the people seem to evince an intention that the contest proceeding should *end* with the decision of the Circuit Court.

In *Simon* v. *Portland Common Council,* 9 Or. 437, the facts were that the charter of the City of Portland provided that the common council of that city was ''*the final judge*'' in a contest for the office of mayor of said city, and this court held in that case that the decision of the common council could not be reviewed by this court.

2. 15 Cyc., page 435, says:

''The right to appeal from the decisions of inferior courts and tribunals in election cases does not exist, unless it has been conferred by some constitutional or statutory provision.   And statutes authorizing appeals or writs of error to be taken from judgments rendered in civil cases do not apply to contested election proceedings under the statute, as they *are not civil cases*.   But in some jurisdictions appeals and writs of error are authorized in such cases, either by constitutional or statutory provisions.''

Volume 7 of the Ency. of Pl. & Pr., page 394, says:

''The right of appeal from judgments and orders in election cases, as in other cases, *exists only when granted by some constitutional or statutory provision.*''

In *French* v. *Lighty,* 9 Ind. 476, the court says:

"We have found that the act providing for contested elections gives no appeal to the Supreme Court, that the act regulating the practice in civil suits only gives an appeal in the cases embraced in that statute, that the act relative to practice in criminal cases only gives an appeal in that class of cases, and that no other statute gives this court jurisdiction of that under consideration; while it is conceded that the court cannot entertain it, unless empowered to do so by statute."

In *Lyon* v. *Dunn,* 196 Pa. 91 (46 Atl. 385), the court says:

"Contests of elections are wholly statutory, and no appeal lies from the judgment of the trial court *unless expressly authorized.* The present contest was instituted by petition of certain electors to the Attorney General and the appointment of a special court, under section 6 of the act of May 19, 1874 (P. L. 209). No appeal was given by that act. On the contrary, the plain intent was to have a speedy trial and terminate the controversy by a judgment on the merits which should be final."

In *State* v. *Commissioners,* 31 Ohio St. 455, the court says:

"In cases of election contests, the only appeal expressly provided for is an appeal from the declaration of the clerk and justices, on completing the canvass of the votes, to the court of common pleas. * * If, therefore, a right to appeal from the decisions of the Court of Common Pleas to the District Court exists in such cases, it must be by virtue of the provisions of Section 5 of the act of April 12, 1858, as amended May 16, 1868. * * But this section, by its terms, applies only to *civil actions,* of which the common pleas has original jurisdiction. The mode of contesting elections is specially prescribed by statute. The contest is therefore a statutory proceeding, and *not a civil action,* within the meaning of the statute regulating appeals."

In *Stearns* v. *Wyoming,* 53 Ohio St. 353 (41 N. E. 578), the court held that where the statute conferred upon common councils power to judge of the election and qualification of their own members, such power was *exclusive* and *final,* although the statute did not say that it should be either exclusive or final.

In *Portland* v. *Gaston,* 38 Or. 533 (63 Pac. 1051), the facts were that the charter of Portland gave a land owner whose property had been taken for a street a right to appeal to the Circuit Court from the assessment of damages made by the city, and the charter provided that the decision of the Circuit Court should be a final and conclusive determination of such assessment, and this court held *that the land owner could not appeal from the judgment of the Circuit Court* to this court, and that the decision of the Circuit Court was final.

In this state there is no right of appeal, excepting when it is conferred by statute.

In the *City of Portland* v. *Nottingham,* 58 Or. 4 (113 Pac. 30), the court says:

"An appeal is not a matter of primary right. It is a privilege, and he who would enjoy that privilege must show some statute conferring it upon him."

See on this point, *Portland* v. *Gaston,* 38 Or. 533, 63 Pac. 1051; *Sears* v. *Dunbar,* 50 Or. 36, 91 Pac. 145; *Blumauer Drug Co.* v. *Horticultural Fire Relief of Oregon,* 59 Or. 58, 112 Pac. 1084; *Tazwell* v. *Davis,* 64 Or. 341, 130 Pac. 400.

In *Tazwell* v. *Davis, supra,* the court says:

"The right of appeal from the decisions of inferior courts in election cases does not exist, unless it has been conferred by some constitutional or statutory provision. * * Statutes authorizing appeals to be taken from judgments rendered *in civil cases do not*

*apply* to contested election proceedings under the statute, *as they are not civil cases.* * * ''

This proposition is not controverted by counsel for contestants, but it is claimed that the right of appeal exists by virtue of Section 3429, L. O. L.

''The corrupt practices act of 1909 appears to be full and complete in itself, and covers numerous questions relating to elections and nominations. It makes no reference to the former act of which Section 3429 is a part, and makes no provision for an appeal in cases of this kind. We do not deem it absolutely necessary to decide this question, as the result in this case would be the same, except as to the form; but we call attention to the same in order that the statute may be remedied by amendment. We think the point made by contestee in this respect is well taken.''

3. The counsel for the contestee contends that, as the people of Woodburn amended their charter, and thereby made the laws of the state relating to the holding of elections applicable to elections in the City of Woodburn, such amendment had the effect to make the state law relating to the contest of county, district and precinct officers a part of their charter; but we think such contention is not sound. Moreover, it is hardly probable that the people of Woodburn could, by amendment of their charter, confer upon this court jurisdiction to hear and determine appeals from the Circuit Court in contested election cases. The jurisdiction of this court is determined by the Constitution and statutes of the state. However, it is not necessary to decide the last-mentioned point, as we think that said amendment did not relate to election contests. It related to the *holding* of elections, and not to *contesting* them.

We have examined the question raised by this motion to dismiss the attempted appeal, and we are convinced that the people, in providing for contesting

elections, in the sections of the law referred to *supra,* intended to create a summary special proceeding to determine contests, and intended that the decisions of the Circuit Court should be final, and that contest proceedings should end in that court.

It may be that the law should be amended, so as to allow an appeal to this court, but this is a matter for the consideration of the legislative and not the judicial department of the state.

We find that the judgment ousting the contestee is not appealable, and said motion to dismiss the attempted appeal is sustained, and the same is dismissed.

Appeal Dismissed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Burnett concur.

---

Motion to dismiss allowed and appeal dismissed February 10, 1914.