Argued October 29, reversed and remanded November 20, 1917.

# MESSICK v. DUBY.

(168 Pac. 628.)

**Elections—Contests—Persons Entitled to Bring Contest.**

1. Under Section 3426, L. O. L., authorizing any person wishing to contest the election of any person to any county, district, township or precinct office to give notice in writing stating the cause of contest briefly, no election contest is permissible except by persons claiming the office.

**Statutes—Repeals by Implication—Intent.**

2. The intent of the lawmakers controls in determining whether a former statute has been repealed by a later one, as well as in construing the law.

**Statutes—Implied Repeal by Subsequent Statute on Same Subject.**

3. A later act does not by implication repeal a former act touching the same subject matter, where there is no repugnancy between them, and both can be sustained and enforced, unless by some other means the intent of the lawmakers to abrogate the former statute is clearly shown.

[As to repeal of statutes by implication, see notes in 14 Am. Dec. 209; 88 Am. St. Rep. 271.]

**Elections—Contests—Statutory Provisions—Implied Repeal.**

4. Section 3426, L. O. L., et seq., authorizing election contests by persons claiming any county, district, township or precinct office, was not repealed by implication by the Corrupt Practices Act (Laws 1909, c. 3, p. 15; L. O. L., § 3486 et seq.), the title of which recites that it is "An act * * to provide the manner of conducting contests for nominations and elections in certain cases," and which provides in Section 3529 that any elector or any political or municipal division of the state may contest the right of any person to any nomination or office on the ground of violation of that act, or for ineligibility of the successful candidate, or on account of illegal votes, or an erroneous or fraudulent counting or canvass of votes as the act of 1909 provides for the contest of nominations and election of offices not embraced in the older law and on different grounds and by another class of persons, and was not intended as a substitute for the older law, though the provisions of the two laws in some respects overlap.

From Baker: Gustav Anderson, Judge.

In Banc.　Statement by Mr. Justice Bean.

This is a special proceeding to contest an election to the office of county judge of Baker County, Oregon. Prior to the election J. B. Messick, plaintiff herein,

was the duly elected, qualified, and acting county judge of that county. On June 4, 1917, a special recall election was held therein to recall that official and elect his successor. It is alleged that upon an official canvass of the returns from various precincts of the county of the poll-books and tally sheets of the election the canvassing board erroneously found that the number of votes cast in favor of the recall of plaintiff and contestant for the office above named was 2,166, and those against his recall numbered 2,134, and that the defendant and contestee received 2,171 votes for that office and plaintiff 2,075. Desiring to contest the election of the defendant, William Duby, to that office, on June 14, 1917, plaintiff filed in the Circuit Court of the state of Oregon for Baker County his notice of contest stating the grounds in compliance with the provisions of Sections 3426–3430, L. O. L. The service of notice made was in conformity with the provisions of those sections. Counsel for William Duby, contestee, appeared specially and moved the court to quash the attempted service of notice upon the grounds that the court was without jurisdiction to determine the cause, for the reason that the notice served upon the defendant did not cite the defendant to appear and answer therein not less than three nor more than seven days after the filing of the petition, and in effect that the proceedings had not been commenced and proceeded with in accordance with the requirements of Sections 3529 et seq., L. O. L., which constitute a part of the Corrupt Practices Act, contained in Laws 1909, pp. 15–30. The trial court being of the opinion that Sections 3426–3430, L. O. L., had been repealed by implication upon the passage of the above act sustained the motion and entered judgment dismissing

plaintiff's proceeding, from which judgment he appeals.        REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. John L. Rand, Mr. William H. Packwood, Jr.,* and *Mr. C. T. Godwin,* with an oral argument by *Mr. Rand.*

For respondent there was a brief over the names of *Messrs. Clifford & Correll* and *Messrs. Smith & Smith,* with oral arguments by *Mr. Morton D. Clifford* and *Mr. William Smith.*

MR. JUSTICE BEAN delivered the opinion of the court.

The only question for determination in this case is whether or not Sections 3426–3430, were repealed by implication by the enactment of the Corrupt Practices Act in 1909. It is the contention of counsel for contestee that the old statute, Chapter 7, Title XXVII, has been superseded entirely by that act and that this election contest should have been begun and proceeded with under the later law.

1. Section 3426, L. O. L., provides:

"Any person wishing to contest the election of any person to any county, district, township, or precinct office, may give notice in writing to the person whose election he intends to contest that his election will be contested, stating the cause of such contest briefly, within thirty days from the time said person shall claim to have been elected."

Under this section no election contest is permissible except by persons claiming the office: *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786).

The title of the Corrupt Practices Act is as follows:

"To propose by initiative petition a law to limit candidates' election expenses; to define, prevent and punish corrupt and illegal practices in nominations

and elections; to secure and protect the purity of the ballot; to amend section 2775 of Bellinger and Cotton's Annotated Codes and Statutes of Oregon; to provide for furnishing information to the electors and to provide the manner of conducting contests for nominations and elections in certain cases'': Laws Oregon, 1909, p. 15.

This act is embraced in Sections 3486 to 3539, L. O. L., inclusive. Section 3529, L. O. L., is as follows:

"Any elector of the state, or of any political or municipal division thereof, may contest the right of any person to any nomination or office for which such elector has the right to vote, for any of the following causes: 1. On the ground of deliberate, serious and material violation of any of the provisions of this act, or of any other provisions of the law relating to nominations or elections. 2. When the person whose right was contested was not, at the time of the election, eligible to such office. 3. On account of illegal votes, or an erroneous or fraudulent count or canvass of votes.''

Many of the general provisions of the act of 1909 are set forth at length in *Livesley* v. *Landon,* 69 Or. 275, 280 (138 Pac. 853), and need not be detailed here.

2-4. In the determination of the question of whether or not a former statute has been repealed by a later one, the intention of the lawmakers controls the courts, the same as in the construction of a law. It is a universal rule that a later act does not by implication repeal a former, touching the same subject matter, where there is no repugnancy between them and both can be sustained and enforced. Repeals by implication are not favorites of the law and if it is not perfectly manifest, either by repugnancy which cannot be reconciled, or by some other means clearly showing the intent of

the lawmakers to abrogate the former statute, both must be held to be operative: *State* v. *Benjamin,* 2 Or. 125, 126; *Strickland* v. *Geide,* 31 Or. 373 (49 Pac. 982); *Cunningham* v. *Klamath Lake R. Co.,* 54 Or. 13, 20 (101 Pac. 213, 1099); *Booth's Will,* 40 Or. 154, 156 (61 Pac. 1135, 66 Pac. 710); *Sandys* v. *Williams,* 46 Or. 327, 331 (80 Pac. 642); *Pacific Elevator Co.* v. *Portland,* 65 Or. 349, 387 (133 Pac. 72, 46 L. R. A. (N. S.) 363); *Du Bois Lumber Co.* v. *Clatsop County,* 74 Or. 409 (145 Pac. 653). The enactment of the Corrupt Practices Act by the people of the state does not indicate that it was the intention to supplant or repeal the former statute relative to the contest of an election to a county, district, or precinct office. We find no repugnancy between the two statutes. They are not inconsistent. Both can be harmoniously enforced. As we have heretofore said in effect: The later act covers a wide field and makes various provisions relating to "the manner of conducting contests for nominations and elections in certain cases." But we think it does not contain all the provisions for such a proceeding. The older law, Section 3430, L. O. L., contains a plain command that the same shall not be construed so as to impair the right to contest any election in the manner otherwise provided by law. While the later statute does not provide for an appeal from the judgment of the Circuit Court it in no way displays an intention to take away the right of appeal conferred by the old act: See *Livesley* v. *Landon,* 69 Or. 275, 280 (138 Pac. 853); *Tazwell* v. *Davis,* 64 Or. 325, 330 (130 Pac. 400). Neither does the Corrupt Practices Act purport to take away the right of one claiming the office to contest the election of another person to any county, district, or precinct office under the former law without giving a bond for costs. The

act of 1909 provides for the contest of nominations and elections of offices not embraced in the older law and on different grounds and by another class of persons. Its obvious purpose as its title indicates was to build a new structure of the later law relating to nominations and elections without impairing the old law involved herein. While two sections of the act are referred to in the old statute, one of which is amended, no reference is made to Sections 3426–3430, L. O. L. Although the language of Section 3529, subdivision 3, L. O. L., may overlap or cover the same ground as the former statute, yet this alone is not enough to repeal the older act by implication.

It is stated in 36 Cyc., p. 1073, as follows:

"Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, must govern, although it contains no repealing clause. But it is not sufficient to establish such repeal that the subsequent law covers some, or even all, of the cases provided for by the prior statute, since it may be merely affirmative, or cumulative, or auxiliary. Between the two acts there must be plain, unavoidable, and irreconcilable repugnancy, and even then the old law is repealed by implication only *pro tanto,* to the extent of the repugnancy. If both acts can, by any reasonable construction, be construed together, both will be sustained. Two statutes are not repugnant to each other unless they relate to the same subject. Furthermore it is necessary to the implication of a repeal that the objects of the two statutes be the same. If they are not, both statutes will stand, although they may refer to the same subject."

It is manifest that the Corrupt Practices Act was intended to prohibit indulgence of any corrupt act connected with the nomination or election of public officers, of the state and to punish the offender by de-

priving him of the right to hold office during his term, and giving to an elector the right to commence proceedings to oust the incumbent from any public office. A proceeding brought for that purpose under the later act by a person not claiming the office naturally should be safeguarded against unnecessary and unreasonable attacks made upon a public official. For this reason the later act contains many provisions not found in the old law such as requiring the contestant to give a bond for costs, attorney's fees, etc., incurred by the contestee. When the two laws are carefully read together it is apparent that the later act was not intended as a substitute for the former. In so far as the two have any relation to the subject of contests the later statute appears to be auxiliary to the prior act. If a remedy is provided by the later law, then the remedies of the two are cumulative, instead of that afforded by the later being a substitute for that established by the former. Where a new remedy or mode of procedure is authorized, without an express repeal of a former one relating to the same matter, and the new remedy is not inconsistent with the former one, the later act will be regarded as creating a concurrent remedy, and not as abrogating the former mode of procedure: 36 Cyc., p. 1077, note; *Reynolds* v. *Hanrahan,* 100 Mass. 313; *Arzonico* v. *West New York Bd. of Education,* 75 N. J. L. 21 (69 Atl. 450); *Jessee* v. *De Shong* (Tex. Civ.), 105 S. W. 1011; *Wood* v. *United States,* 16 Pet. (U. S.) 342 (10 L. Ed. 987); *Great Northern Ry. Co.* v. *United States,* 155 Fed. 945 (84 C. C. A. 93, affirmed in 208 U. S. 452, 52 L. Ed. 567, 28 Sup. Ct. Rep. 313); *State* v. *Archibald,* 43 Minn. 328 (45 N. W. 606).

Many elements are contained in one which are entirely omitted from the other. The old law provides

for an inexpensive, expeditious manner of contesting the election of a minor office; while the later statute provides a more cumbersome method of procedure.

In 36 Cyc., p. 1078, the author there says:

"But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole subject matter of the former one, and was intended as a substitute for it. If the later statute does not cover the entire field of the first and fails to embrace within its terms a material portion of the first, it will not repeal so much of the first as is not included within its scope, but the two will be construed together, so far as the first still stands."

The importance of the question involved reaches far beyond the case in hand. We are impelled to hold that Sections 3426–3430, L. O. L. are still in force. The question is not entirely a new one. The old act, as it might be said, has run the gauntlet upon three occasions: First, in the codification of L. O. L., by that able jurist, Judge LORD; second, in *Tazwell* v. *Davis,* 64 Or. 325 (130 Pac. 400), a case which was necessarily brought under the Corrupt Practices Act, where the right of appeal was claimed under the former act, and where it was not intimated by the learned counsel that the old law was repealed, but that the right of appeal was not given under the terms of the later law; and third, in *Livesley* v. *Landon,* 69 Or. 275 (138 Pac. 853), written by Mr. Justice RAMSEY, where the same may be said.

We are not called upon to consider the averments in the notice of contest as to whether they are sufficiently specific as the time to apply for amendment has not passed.

The judgment of the lower court is reversed and the cause remanded for such further proceedings as may be deemed proper not inconsistent herewith.

REVERSED AND REMANDED.