Argued July 6, appeal dismissed September 18, 1922.

## STATE EX REL. BORLAND v. YATES.

(209 Pac. 231.)

**Appeal and Error—Right of Appeal Dependent on Statute.**

1. The right of appeal depends entirely on statute, and where it is not expressly conferred it does not exist.

**Bastards—Filiation Proceeding is Civil in Its Nature.**

2. The proceeding authorized by Laws of 1917, page 66 (§§ 2550–2563, Or. L.), prescribing the procedure in bastardy proceedings is a special proceeding, civil in its nature.

**Bastards—State has No Right of Appeal from an Adverse Judgment in Bastardy Proceedings.**

3. Laws of 1917, page 66 (§§ 2550–2563, Or. L.), prescribing the procedure in bastardy proceedings, and providing "that the defendant shall be entitled to the right of trial by jury and appeal as provided in civil actions," is exclusive and controlling, and precludes the state from appealing under a general right of appeal granted by Section 548, Or. L.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

APPEAL DISMISSED.

For the motion there was a brief over the names of *Mr. Wilber Henderson* and *Messrs. Davis & Farrell,* with an oral argument by *Mr. W. E. Farrell.*

*Contra,* there was a brief over the names of *Miss Lida M. O'Bryon* and *Mr. Thomas Mannix,* with an oral argument by *Miss O'Bryon.*

McCOURT, J.—This is an appeal prosecuted by the state from the decision of the Circuit Court in a filiation proceeding instituted against the defendant in the District Court of Multnomah County in conformity with Chapter 48, Laws of 1917 (Sections 2550-2563, Or. L.).

The defendant was held under bail to appear at the next term of the Circuit Court and answer the complaint. A trial having been had without a jury in the Circuit Court, the defendant was found not guilty, whereupon a judgment was entered, discharging the defendant, and releasing and exonerating his bail. It is from the latter judgment that the state appeals.

1. The defendant has interposed a motion to dismiss the appeal upon the ground that no right of appeal is given the state in proceedings of the character under consideration. This court has many times held that the right to an appeal depends entirely upon the statute, and if that right is not conferred by statute, it does not exist: *Lafayette* v. *Clark,* 9 Or. 225; *Kearney* v. *Snodgrass,* 12 Or. 311, 314 (7 Pac. 309, 311); *Fisk* v. *Henarie,* 15 Or. 89,

90 (13 Pac. 760); *School Dist.* v. *Irwin,* 34 Or. 431
(56 Pac. 413); *Portland* v. *Gaston,* 38 Or. 533 (63
Pac. 1051); *Sears* v. *Dunbar,* 50 Or. 36, 38 (91 Pac.
145); *City of Portland* v. *Nottingham,* 58 Or. 1 (112
Pac. 28); *Doane* v. *Stein,* 87 Or. 97, 99 (169 Pac.
781); *State* v. *Securities Savings Co.,* 28 Or. 410 (43
Pac. 162); *Smith Securities Co.* v. *Multnomah County,*
98 Or. 418, 422 (192 Pac. 654, 194 Pac. 428); *Salem
King's Products Co.* v. *La Follette,* 100 Or. 11, 13
(196 Pac. 416).

2. The proceeding authorized by Chapter 48, Laws
of 1917 (Sections 2550–2563, Or. L.), is a special pro-
ceeding, civil in its nature: 3 R. C. L. 750, 761; 7
C. J. 966.

"The common law afforded no remedy to compel a
putative father to contribute to the support of his
illegitimate offspring." 3 R. C. L. 750.

However, it is claimed by the state that the right
of the state to appeal is conferred by Section 548,
Or, L., which reads as follows:

"A judgment or decree may be reviewed as pre-
scribed in this chapter, and not otherwise. An order
affecting a substantial right, and which in effect de-
termines the action or suit so as to prevent a judg-
ment or decree therein, or interlocutory decree in
a suit for the partition of real property, defining the
rights of the parties to the suit and directing sale or
partition, or a final order affecting a substantial
right, and made in a proceeding after judgment or
decree, or an order setting aside a judgment and
granting a new trial, for the purpose of being re-
viewed, shall be deemed a judgment or decree."

The statute, Chapter 48, Laws of 1917 (Sections
2550–2563, Or. L.), provides in detail the procedure
to be employed in bastardy proceedings, and among
those provisions is the following:

" * * that defendant shall be entitled to the right of trial by jury, and appeal, as provided in civil actions; * * "

The right of appeal given by the statute is, by express terms, restricted to the defendant.

" * * when the legislature has prescribed rules of procedure in special proceedings, such rules must be followed, and, if they limit the right of appeal or specify the court or tribunal in which such proceedings shall terminate, they must govern: * * " *Portland* v. *Gaston,* 38 Or. 533, 535 (63 Pac. 1051).

3. The rule contained in the foregoing quotation controls the decision in this case, and it follows that the statute in question does not accord to the state the right to appeal to this court in this case. The decision we have reached respecting the right of the state to appeal renders it unnecessary to decide the other questions presented by the record.

Appeal dismissed.                                        Dismissed.

McBride, J., took no part in the consideration of this case.