## MARTIN v. KELLEY.

No. 20417.   Opinion.Filed Oct. 15, 1929.

Green & Green and J. G. Harley, for plaintiff in error.

Clark Nichols and H. B. Parris, for defendant in error.

CLARK, J.   This is an attempted appeal from a judgment of the district court of McIntosh county, wherein A. J. Martin was contestant and E. A. Kelley was contestee.

Plaintiff in error and defendant in error were candidates for the office of sheriff in the general election held in McIntosh county, in November, 1928. A canvas of the election returns by the county election board showed that the contestee was declared elected sheriff of said county.

The contestant filed his contest, challenging the returns on various and numerous grounds. The hearing was had before the county election board, and the finding made for the contestee, E. A. Kelley. An appeal was taken to the district court, and a judgment and finding of the election board was affirmed by the district court, from which action and judgment of the district court contestant, plaintiff in error, attempts to appeal to this court. Plaintiff in error's petition in this court asks this court to review the judgment and finding of the trial court.

The defendant in error has filed in this court his motion to dismiss this appeal upon the ground that the law provides the determination by the district court in the contest of a county election is final, and from its judgment no appeal will lie.

Section 10 of chapter 63 of the Session Laws of 1927, in regard to election contests, is as follows:

"As to nominations or elections to county office, the appeal shall be to the district court of the county involved, and may be perfected by giving notice of such appeal within 48 hours after the rendition of the judgment or order from which such appeal is taken. Upon the filing of such notice of appeal with the secretary of the county election board the county election board shall, at the expense of the party appealing, prepare a transcript of the records and proceedings together with the findings and conclusions and the order made, and transmit the same within 5 days to the court clerk of the county wherein such contest is pending, and such appeal shall be assigned for hearing at once and shall be considered and determined by the district court upon the record so made, and its decisions shall be final."

The rule, as stated in 20 C. J. 263, is as follows:

"No right of appeal exists in an election contest case unless conferred by some constitutional or statutory provision, and statutes authorizing appeals or writs of error to be taken from judgments rendered in civil cases do not apply to statutory contested election proceedings. * * *"

We find no provision of our Constitution authorizing appeals in election contests, and the right of appeal in civil cases in law and equity provided for by the Constitution has no application to election contests. The Legislature, in section 10, supra, provided that the judgment of the district court in such contest should be final. The right of appeal thus denied by the Legislature was within the power and authority of the Legislature, and this court cannot assume jurisdiction where the same is properly denied by legislative enactment.

The Supreme Court of Oregon in Tazwell v. Davis, 130 Pac. 400, in the first paragraph of the syllabus said:

"The powers and mode of procedure of the court in an election contest must be ascertained from a statute authorizing the proceeding, the determination of an election contest being a judicial function only so far as authorized by statute."

In the case of Livesley v. Landon, 138 Pac. 853, the Supreme Court of Oregon, in discussing the statutory provisions in regard to election contests, said:

"Under L. O. L., sections 3525, 3529, 3532, 3533, and 3537, prescribing the procedure in contested elections in the circuit court, and providing that the court shall finally determine all questions of law and fact, save only that the judge may, in his discretion, impanel a jury to decide on questions of fact, and making no specific provision for appeal, the judgment in an election contest is not appealable, such contests being summary special proceedings and not actions or suits.

"There is no right of appeal excepting when it is conferred by statute."

Plaintiff in error has filed no response to the motion to dismiss the appeal, and all the authorities we have examined follow the rule above announced. We are of the opinion that the Legislature was acting within the scope of its power in limiting appeals in election contests, and the judgment of the district court in approving and confirming the findings of the election board in this case is final, from which no appeal lies to this court.

The appeal is therefore dismissed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CULLISON, J., absent.

Note.—See "Election," 20C. J. § 381, p. 264 n. 18.