## DAVIS *v.* STATE TAX COMMISSION

Mr. Leo F. Young, Eugene, Oregon, argued the cause and submitted a brief for plaintiff.

Mr. Ira W. Jones, Assistant Attorney General, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered August 4, 1966.

Edward H. Howell, Judge.

Plaintiffs filed this suit for a refund of income taxes paid for the tax year 1963.

In 1962 plaintiffs paid $24,000 federal income tax which resulted in their having an adjusted gross loss of $11,000 on their 1962 state income tax return. In 1963 the plaintiffs carried forward the net loss as a deduction for 1963 under the provisions of ORS 316.353. Also, in 1963 plaintiffs received a federal tax refund of $10,000 for 1962 federal taxes and did not report the tax refund as income for 1963.

The plaintiffs contend that the 1962 federal income tax refund of $10,000 is excluded from their 1963 income by virtue of ORS 316.110. This section of the statute provides:

> "Exclusions from gross income. 'Gross income' does not include the following items, which shall be exempted from taxation under this chapter:
> "* * * * *
> "(5) *So much of the income attributable to the recovery, in whole or in part, of an amount which was allowed as a deduction from gross income on a return for a prior tax year* made under this chapter or under the Property Tax Relief Act of 1929, as amended, *as is equal to the amount of the prior deduction, which,* as determined in accordance with the regulations prescribed by the commission, *did not result in a reduction of the taxpayer's tax liability on such prior return,* reduced by the amount excludable in previous tax years under the provisions of this subsection with respect to the recovery of a part of the particular prior deduction. This subsection shall not apply to deductions allowed or allowable with respect to depreciation, depletion, or amortization.
> "* * * * *." (Emphasis supplied.)

It is conceded that the deduction of the plaintiffs' federal tax in 1962 "did not result in a reduction of the taxpayer's tax liability" in 1962 under ORS 316.110 (5), because the plaintiffs would still have had a loss in 1962 when the refund of $10,000 is subtracted from the adjusted gross loss of $11,000.

ORS 316.353 allowing losses to be carried forward was enacted in 1957. Its counterpart in the federal code is § 172 of the 1954 Internal Revenue Code. These sections were enacted to give the taxpayer relief in cases where net losses occurred in a given year. Without them no tax benefit is received from deductions resulting in a loss.

ORS 316.110(5), enacted in 1953, and the comparable federal statute, § 111, 1954 Internal Revenue Code, were also enacted to give tax relief in cases where a deduction was taken but no tax benefit was received from such deduction.

While both ORS 316.110(5) and § 111 of the federal code provide for the exclusion if it did not result in a reduction of the taxpayer's tax for the prior year, the courts have interpreted the federal statute to allow the exclusion of the recovery in a subsequent year if the deduction in the earlier year did not result in a "tax benefit" to the taxpayer. Vol 1, Mertens, *Law of Federal Income Taxation*, § 7.34, p 85. If the earlier deduction resulted in a tax benefit the subsequent recovery is, as a general rule, included in gross income in the year of recovery. Vol 1, Mertens, *Law of Federal Income Taxation*, § 7.37, p 95.

The defendant argues (1) that its Reg. 316.110(5)-(A) requires the plaintiff to reduce the net loss carry forward in 1963 by the amount of the federal tax refund; (2) that ORS 316.110(5) has been impliedly

repealed in part by the subsequent enactment of ORS 316.353, the loss carry forward statute; and (3) that the plaintiff did receive a tax benefit from the deduction of the federal income tax in 1962 because of ORS 316.353 allowing a net loss to be carried forward.

The defendant's Reg. 316.110(5)-(A), adopted in 1962, states:

"Recovery, in whole or in part, of an amount which was allowed as a deduction from gross income on a return for a prior tax year under this Act or under the Property Tax Relief Act of 1929, as amended, shall be excluded from gross income in the year of recovery to the extent of the 'recovery exclusion' with respect to such deduction. (*However, the amount of income received and includible in gross income under the 'recovery exclusion' provision must be used to reduce a net loss carry forward which is otherwise allowed by ORS 316.353 if a double deduction of the same income would result without such reduction.*) The term 'recovery exclusion' means the amount of that portion of the deduction taken in the prior tax year which did not result in a reduction of any tax of the taxpayer under this Act or under the Property Tax Relief Act of 1929, as amended." (Emphasis supplied.)

■ The defendant argues that the regulation was intended to prevent a double deduction in a situation similar to the present case; i.e., a deduction of the federal income tax in 1962 and again in 1963 by excluding the $10,000 refund from the plaintiffs' 1963 income. *Post Office Square Co. v. U. S.,* 191 F Supp 450 (DC Mass, 1961); 61-1 USTC § 9261, (1961). This is undoubtedly true but the regulation as written does not make sense. The italicized portions of the regulation refer to "income received and includible in gross income under the 'recovery exclusion' provision." The income involved cannot be both includible and excluded

under the recovery exclusion provision. The regulation should refer to "income received and *excludable from* gross income under the recovery exclusion provision" or "income received and *not* includible in gross income under the recovery exclusion provision." Defendant cannot rely on this regulation in its present form.

■ Defendant's argument that ORS 316.110(5) has been impliedly repealed in part by ORS 316.353, the loss carry forward statute, is also without merit. The law in Oregon is well settled that repeals by implication are not favored and the doctrine of implied repeal will only be applied where the earlier and later acts are so repugnant that both cannot stand. *State ex rel v. Dobson,* 169 Or 546, 130 P2d 939 (1942); *Rorick v. Dalles City,* 140 Or 342, 12 P2d 762 (1932); *Messick v. Duby,* 86 Or 366, 168 P 628 (1917).

■ These two statutes are not repugnant to one another and involve different subjects. Both statutes have their counterparts in the federal Internal Revenue Code. There is no apparent legislative intent that ORS 316.353 was intended to repeal ORS 316.110(5). The answer is not a judicial repeal of the statute but a legislative change or a valid regulation.

The defendant's final argument is that because of the enactment of ORS 316.353 permitting a net loss to be carried forward for a period of five years, the plaintiffs did receive a tax benefit from the deduction of the federal income tax in 1962. Mertens has the following to say concerning this situation where both the recovery exclusion statute (§ 111 of the Internal Revenue Code of 1954, and ORS 316.110(5)) and the loss carry forward statute (§ 172 of the Internal Revenue Code and ORS 316.353) are involved:

"In the cases which developed the tax benefit doctrine the operation of the net operating loss

was not involved, there simply having been a deduction which reduced tax liability that year and a recovery in a subsequent year. It is possible, of course, that the deduction might not be of tax benefit in the year of deduction, but would be of tax benefit in some other taxable year by increasing the net operating loss deduction in the other year. This would appear to be a sufficient tax benefit to result in a subsequent recovery being an item of gross income under the tax benefit doctrine. * * * *the requisite tax benefit has been found when the deduction was reflected in a net operating loss deduction taken in another taxable year."* Vol 1, Mertens, *Law of Federal Income Taxation*, § 7.36, pp 93-94. (Emphasis supplied.)

■ However, in the instant case the defendants are confronted with the plain language of ORS 316.110(5). Paraphrasing the latter statute it states: Gross income does not include an amount allowed as a deduction on *a prior return which did not result in a reduction of the taxpayer's tax liability on such prior return.* The parties have stipulated that plaintiffs did not receive a tax benefit from the deduction of the federal income tax in 1962. The indirect tax benefit from the loss carry forward occurred in 1963 and not on "such prior return." The latter words are clear and unambiguous and can only refer to plaintiffs' 1962 income tax return in which the deduction of the federal income tax did not result in a tax benefit to the plaintiffs.

■ It is true that the plaintiffs are receiving the benefit of a double deduction by this conclusion but ORS 316.110(5) is clear and unambiguous. It is also true, as the defendant states in its brief, that the possibility of such a double deduction under the statute was recognized by the commission when they promulgated Reg. 316.110(5)-(A). Unfortunately for the defendant

the regulation did not accomplish its purpose. This court cannot rewrite the regulation or ORS 316.110(5) in favor of the defendant any more than it could rewrite the statute in favor of the plaintiffs. *Johnson v. State Tax Commission,* 2 OTR 220 (1965).

No costs to either party.